Terry A. FREDRICK and Kathy L. Fredrick, Plaintiffs,

v.

Roy D. CLARK, Kevin Cohen, David Dahl, Gene Gohmen, Donald F. Gregg, Kim La Blanc, David Larson, Sheldon D. Nordell, Wayne Wells, Jane Doe (1–8), John Doe (1–7), Barbara B. Crabb, Richard G. Niess, John A. St. Peter, George M. St. Peter, and Beth A. Sabbath, Defendants.

No. 84–C–60–S.

United States District Court, W.D. Wisconsin.

May 29, 1984.

Terry and Kathy Fredrick, pro se.

Jeffrey M. Anderson, Asst. U.S. Atty., Madison, Wis., John A. St. Peter, Fond du Lac, Wis., Richard G. Niess, Madison, Wis., for defendants.

## ORDER

SHABAZ, District Judge.

Before the Court are several motions to dismiss which, taken together, cover all of the defendants. Plaintiffs have moved for summary judgment. The facts as they appear from plaintiffs' amended complaint and exhibits, together with the procedural history of this action, are as follows:

## FACTS

Plaintiffs Terry and Kathy Fredrick are husband and wife residing in Polk County, Wisconsin. In April, 1983, the two filed tax returns (whether joint or separate is not of record) which claimed the Fifth Amendment privilege against self-incrimination. They were separately notified that the tax return was unacceptable and were notified of the imposition of a penalty for the filing of a frivolous tax return pursuant to 26 U.S.C. § 6702. Neither took advantage of the appeal and judicial review provisions of 26 U.S.C. § 6703. In late August, Mr. Fredrick was notified that the $500 penalty assessment of § 6702 would be enforced, perhaps by the filing of a tax lien against his property, salary or wages. Mrs. Fredrick received a similar notice in October, 1983. After the Internal Revenue Service failed to find a bank account to satisfy the lien, it levied against Mrs. Fredrick's wages from her employer, Hartzell Custom Products, and against Mr. Fredrick's milk payments from Associated Milk Producers, Inc. Mr. Fredrick is a self-employed dairy farmer.

Throughout this process, the plaintiffs asserted their right to invoke the Fifth Amendment on their tax return, and stated that they objected to the assessment of a penalty because:

1. I have entered into *no* agreement with the Secretary of the Treasury concerning my tax liability.

2. No economic sanction (i.e. tax, penalty, etc.) can be assessed against a person for exercising his or her constitutional rights.

Amended complaint, Exhibit 4 (emphasis in original).

The plaintiffs filed this lawsuit on January 24, 1984 against Internal Revenue Service officials and agents of Hartzell and AMPI (hereinafter, "employer defendants"), alleging a deprivation of property without due process and a conspiracy in furtherance of this claim. Plaintiffs also named a number of John and Jane Does. The complaint appeared to be grounded on 18 U.S.C. § 241 and 42 U.S.C. § 1985, and asked for damages of $10,000 against each defendant in addition to an amount against various defendants which totaled the penalty assessment levied against the plaintiffs pursuant to § 6702.

The action was originally assigned to Chief Judge Barbara B. Crabb of this district. Attorneys entered appearances on behalf of the defendants and filed motions to dismiss and motions for a more definite

statement. Judge Crabb granted the motions for more definite statements with respect to the statutory basis of the actions and to the specific facts which constituted the liability of each of the defendants. With respect to another set of defendants, Judge Crabb ordered plaintiffs to file proof of service.

In response, plaintiffs filed an amended complaint virtually identical to the original, but which added as defendants the attorneys representing each set of defendants and Judge Crabb. Judge Crabb then recused herself pursuant to 28 U.S.C. § 455(b)(5)(i) and the case was assigned to this Court.

Although plaintiffs' amended complaint contains no specific allegations with respect to individual defendants, it generally alleges that the defendants deprived plaintiffs of property without due process of law in retaliation for plaintiffs' assertion of the Fifth Amendment's self-incrimination clause. Plaintiffs claim that the exhibits, including the documents explained above, show that, "Defendants did effect a seizure of Plaintiffs' funds," and that, "Defendants did conspire and perform acts to obtain the object of the conspiracy." Amended complaint, page 4. Plaintiffs also assert that this is an action "AT LAW," and not in equity, and that the interposition of attorneys in this action violates the provisions of Article I, Sec. 10 of the United States Constitution, in which States are forbidden to grant title of nobility.

### MEMORANDUM

■ Plaintiffs' summary judgment motion is based on the proposition that defendants have defaulted in this action by failing to answer the complaint. They cite various authorities for the claim that a motion to dismiss is not a pleading. They choose to ignore the language of Rule 12, Federal Rules of Civil Procedure which provides:

> The service of a motion permitted under this rule alters these periods of time [service of an answer within 20 days, or 60 days for an officer of the United States]

as follows, unless a different time is fixed by order of the court: (1) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action; (2) if the court grants a motion for a more definite statement the responsive pleading shall be served within 10 days after the service of the more definite statement.

Federal Rules of Civil Procedure, Rule 12(a). Motions "permitted under this rule" are, of course, listed in Rule 12(b) through (f). All of the parties originally named made motions under Rule 12(b), and a motion under Rule 12(e) for a more definite statement was also made. All of the defendants, including those named for the first time in the amended complaint, have filed or renewed their Rule 12(b) motions. None of the motions has been denied so none of the defendants has defaulted by failing to file an answer.

Furthermore, the motion for a more definite statement was granted. Plaintiffs' amended complaint resolves none of the problems which led Judge Crabb to grant the motion. Judge Crabb's recusal does not absolve plaintiffs from the responsibility to observe her order. Plaintiffs' failure would justify a dismissal of the complaint for failure to prosecute.

However, the Court chooses to ground its decision on more substantive grounds. Plaintiffs have stated no claim for which relief can be granted. Thus, the Rule 12(b)(6) motions of all of the defendants must be granted.

■ With respect to Judge Crabb, her motion, at least in part, is based on the doctrine of judicial immunity. *See Pierson v. Ray,* 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1966); *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1977). A judge is liable only for acts in the "clear absence of all jurisdiction." *Stump,* at 357, 98 S.Ct. at 1105, citing *Bradley v. Fisher,* 13 Wall. 335, 351, 20 L.Ed. 646 (1872). Without belaboring the

obvious, nothing in the complaint, exhibits or record of this case shows that Judge Crabb acted in the absence of the jurisdiction of a federal court. She responded to issues presented to her in the context of a civil case on her docket. That plaintiff chooses to term her acts conspiratorial makes no difference; she is immune from liability for judicial acts even if the acts are in furtherance of a conspiracy, because the acts were those "normally performed by a judge" while the parties were dealing with her in a judicial capacity. *Stump*, at 362, 98 S.Ct. at 1108.

And all of this assumes that the complaint is sufficient in factual material to substantiate a claim for conspiracy. It is not. It would be generous to call plaintiffs' allegations vague and conclusory. *See Dieu v. Norton*, 411 F.2d 761 (7th Cir.1969). Allegations of specific conspiratorial conduct are, for practical purposes, nonexistent. For this reason alone defendants' motions could be granted.

There are other reasons. Giving the plaintiffs every conceivable benefit from the generous construction due to *pro se* complaints, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the claim is that the acts of all of the defendants have effectuated a deprivation of property without due process. Although plaintiffs have chosen to base the action on 18 U.S.C. § 241, a criminal statute which they have no right to enforce in a civil action, the Court will assume that this action is brought directly under the Constitution, which is cognizable in this Court under these circumstances. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

.However, it is clear that, unless the facts alleged by the plaintiffs constitute a deprivation of property without due process, they have no claim against any of the defendants. The facts do not make out such a claim. Although plaintiffs were deprived of property, the deprivation was not without due process. Plaintiffs were assessed a penalty pursuant to 26 U.S.C. § 6702 for filing a frivolous income tax return. The return was deemed frivolous apparently because of plaintiffs' refusal to answer the questions on the return on Fifth Amendment grounds. After notice, the Internal Revenue Service levied against the wages of Mrs. Fredrick and other income of Mr. Fredrick in the amount of the assessment. The employer defendants honored the notice of levy. The defendants who filed appearances on behalf of the other defendants have defended their clients.

First of all, it is clear that a tax levy prior to a hearing is not a violation of the Fifth Amendment's due process clause. *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974). In this case, the plaintiffs have all the process which is due by virtue of 26 U.S.C. § 6703, which provides for an appeal of the assessment of a penalty for a frivolous tax return under § 6702, and for an action in district court for a refund of the assessment. This Court so held in *Kloes v. U.S.*, 53 AFTR 2d 84–1125 (W.D.Wis.1984).

Second, with respect to the employer defendants, this action is barred by the statutory grant of immunity in 26 U.S.C. § 6332(d). Indeed, the employers would have been liable had they not honored the levy and demand of the Internal Revenue Service. 26 U.S.C. § 6332(c).

Third, with respect to the Internal Revenue Service defendants, it is clear from the foregoing that their acts did not deprive the plaintiffs of property without due process. To the extent that plaintiffs' complaint, liberally construed, can be said to allege that the penalty assessment was motivated by a desire to punish the plaintiffs for their reliance on the Fifth Amendment, the Court views the plaintiffs' failure to take advantage of the review procedures of § 6703 as a waiver of that claim. Nevertheless, the Court would point out that, while a Fifth Amendment objection on a tax return may be allowable, *Garner v. U.S.*, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), the Fifth Amendment objections must be accompanied by a

"showing that he is involved in some activity for which he could be criminally prosecuted in order to validly claim the Fifth Amendment privilege on his income tax return." *U.S. v. Verkuilen*, 690 F.2d 648, 654 (7th Cir.1982). *See also Kloes v. U.S., supra*, 84–1127. Plaintiffs, by failing to include a copy of their return with their complaint, have made no such showing, and the Court assumes that they did not do so prior to the penalty assessment.

The motions of the various defendants raise other grounds for dismissal. Because the action is being dismissed on the ground that it states no claim for which relief can be granted, there is no need to address these other contentions. However, the Court must explicitly reject the contention of the Internal Revenue Service defendants that the Court lacks subject matter jurisdiction because of the lack of substance in the complaint. The main case cited for this contention, *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946), is hardly authoritative on this point. The other cases cited discuss this point in terms of whether a cause of action "arises under" federal as opposed to state law. This Court believes that it is a much better practice to reach the merits of plaintiffs' allegations through a motion under Rule 12(b)(6) as it has done.

■ Plaintiffs have made only one telling point: The complaint cannot be dismissed if they might be entitled to some relief, albeit not the relief they requested. This Court assumes that the plaintiffs would be entitled to some relief if they could show a violation of their constitutional rights. The complaint is being dismissed because the allegations of the complaint and the exhibits, which have been assumed to be true, do not make out a claim for any kind of relief because there is no violation of the Constitution within the facts alleged.

The foregoing makes it crystal clear that plaintiffs' complaint is totally without merit, and, in light of the well-settled nature of the appliable law, frivolous. This brings us to the most difficult issue in this case:

Whether plaintiffs should be assessed with attorney's fees in accordance with the requests filed by the defendants.

The lack of merit in the complaint is patently obvious. The complaint and other filings of the plaintiffs are polemics espousing views of the law and government which are, at best, incoherent. Buzz words, like "natural rights," "AT LAW," "property rights," "the Magna Carta," and more are interspersed with attacks on the taxing power, the currency, lawyers and the like.

The Court assumes, and believes it likely, that plaintiffs actually espouse these views in good faith. By this the Court means that, although it is almost certain that the plaintiffs have been victimized by a snake-oil salesman of the political fringe, they have actually been convinced that their political and legal views are correct and they have filed this lawsuit to vindicate their beliefs. They should not be penalized for these beliefs. However, neither can they be allowed to cause damage to others by forcing the defendants to finance a defense of an utterly groundless lawsuit. To the extent that an award of attorney's fees to the defendants here harms the plaintiffs, the Court points out that the plaintiffs ought to seek redress from those who have misrepresented the efficacy of a lawsuit to vindicate their beliefs.

■ Subjective bad faith on the part of civil rights plaintiffs is not necessarily required in order to award attorney's fees to prevailing defendants. *See*, for example, *Christiansburg Garment Company v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). This appears to be the law under 42 U.S.C. § 1988 as well, which is the basis of the request for attorney's fees filed by the employer defendants. *See Werch v. City of Berlin*, 673 F.2d 192, 195 (7th Cir.1982). In that case, the Court of Appeals approved the award of attorney's fees under § 1988 to the prevailing defendants because the plaintiff "should have

known" that his claim for injunctive relief would be dismissed under the Anti-Injunction Act, 28 U.S.C. § 1341; that he "should have known" that his claims against the municipalities who taxed his personal property (farm equipment) could be liable only if he alleged a municipal policy which unconstitutionally caused him harm; and "should have known" that the municipal officials could not be held liable because he knew that there were no facts or inferences which would support a finding of bad faith. *Id.* at 195–196. The case before this Court is, if anything, more compelling. Even a *pro se* plaintiff must be held accountable when, as here, the plaintiffs choose to selectively read cases, picking out helpful generalizations while ignoring the fact, which they must have recognized, that there was no case law supporting recovery under anything like the same facts.

■ Since plaintiffs' complaint was based, at least in part, on 42 U.S.C. § 1985 and the complaint is utterly frivolous and groundless, the employer defendants' request for attorney's fees will be granted.

■ The Internal Revenue Service defendants, who are not entitled to attorney's fees under § 1988, have grounded their request on Rule 11, Federal Rules of Civil Procedure, 28 U.S.C. §§ 1927 and 2412(b). It is clear from the foregoing that, while plaintiffs may have subjectively believed in their right to recover, they must have known, or should have known, that their legal position was objectively frivolous. This amounts to bad faith litigation and, under any of the grounds asserted by these defendants, they are thus entitled to attorney fees. Accordingly,

### ORDER

IT IS ORDERED that the motions to dismiss filed by all of the defendants under Rule 12(b)(6) are GRANTED.

Judgment shall be entered in favor of the defendants with costs and attorney's fees.