Thomas G. BASKIN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 84–5031.

United States Court of Appeals, Eighth Circuit.

Submitted June 19, 1984.

Decided July 19, 1984.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Thomas Baskin appeals pro se from an order of the District Court[1] granting the government's motion for summary judgment in Baskin's action for a refund of a tax penalty assessed against him pursuant to 26 U.S.C.A. § 6702 (West Pocket Part 1984). We affirm.

In April 1983, Baskin wrote his name, address, signature, and the date on a Form 1040, the U.S. Individual Tax Return. He typed asterisks in the other spaces on the form and noted that he was objecting on the basis of the Fifth Amendment.[2] A notation at the top of the form stated that Baskin would complete the form if he could be shown how to do so without waiving his constitutional rights.

The Commissioner considered the return frivolous and assessed a penalty of $500 under the authority of 26 U.S.C.A. § 6702(a) (West Pocket Part 1984).[3] Baskin paid 15 per cent. of the penalty according to 26 U.S.C. § 6703(c) and filed a claim for a refund. When his claim was denied, he filed this action in the District Court. After a hearing, the District Court granted the government's motion for summary judgment. Baskin appeals, contending his return was not frivolous, since he properly claimed his Fifth Amendment privilege, and that due process was violated when the penalty was assessed without a judicial trial.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, John P. Griffin, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Thomas G. Baskin, pro se.

1. The Hon. Edward J. Devitt, Senior United States District Judge for the District of Minnesota.

2. Baskin also based his objections on the First, Fourth, Seventh, Eighth, Ninth, Tenth, Thirteenth, Fourteenth, and Sixteenth Amendments, but the argument on appeal is based only on the Fifth Amendment.

3. § 6702 Frivolous income tax return
(a) Civil penalty.—If—
(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or
(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and
(2) the conduct referred to in paragraph (1) is due to—
(A) a position which is frivolous, or
(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,
then such individual shall pay a penalty of $500.

Although a taxpayer may validly invoke the Fifth Amendment privilege against self-incrimination, he may not be the sole judge of whether certain material is incriminating. *Rechtzigel v. Commissioner,* 703 F.2d 1063, 1064 (8th Cir.1983) (per curiam). A court must determine whether the taxpayer is justified in remaining silent. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). Where the danger of self-incrimination is not readily apparent, the claimant of the privilege has the burden of proving the danger exists. *Ueckert v. Commissioner,* 721 F.2d 248, 250 (8th Cir. 1983) (per curiam). Any danger of incrimination must be real and substantial and not merely remote or speculative. *Zicarelli v. New Jersey State Comm'n of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972).

Baskin responded to every question on the Form 1040 with a blanket assertion of his Fifth Amendment privilege. In an *in camera* discussion with the District Court, he declined to offer any basis for his fear of possible self-incrimination. Since the setting offers no clue and Baskin does not show the existence of any danger of self-incrimination, the information required by the Form 1040 is not privileged and Baskin is not entitled to the protection of the Fifth Amendment. His incomplete return is properly labeled frivolous, and he is subject to the $500 penalty levied by the Commissioner and upheld by the District Court.

Baskin contends he has been denied due process since he was assessed a penalty without a judicial hearing. Congress passed 26 U.S.C. § 6702 in an effort to deter tax protestors from filing frivolous returns. S.Rep. No. 97–494, 97th Cong., 2nd Sess. 277, *reprinted in* 1982 U.S.Cong. & Ad.News 781, 1023–24. It has long been settled that the United States has the right to collect its revenue through summary administrative proceedings. *Phillips v. Commissioner,* 283 U.S. 589, 595, 51 S.Ct. 608, 611, 75 L.Ed. 1289 (1931). Due process in this context is not denied where there is an adequate opportunity for a later judicial determination of legal rights. *Id.* at 596–97, 51 S.Ct. at 611–12. See also *Bearden v. Commissioner,* 575 F.Supp. 1459 (D.Utah 1983).

Recently, in *Ueckert, supra,* 721 F.2d at 251, this Court announced that it would "consider assessing just damages as well as double costs for taking frivolous appeals on issues already clearly resolved." This case is just such an appeal, and we impose on the appellant damages of $250 pursuant to Rule 38 of the Federal Rules of Appellate Procedure.

We affirm the judgment of the District Court.