**Margarito MARTINEZ,
Plaintiff-Appellant,**

**Patricia Martinez, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE,
Defendant-Appellee.**

No. 84–1384.

United States Court of Appeals,
Tenth Circuit.

Aug. 17, 1984.

---

Margarito Martinez, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook and David I. Pincus, Attys., Tax Div., Dept. of Justice, Washington, D.C. (William L. Lutz, U.S. Atty., Albuquerque, N.M., of counsel), for defendant-appellee.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from a district court order dismissing with prejudice plaintiffs' tax refund suit.

Plaintiff taxpayers petitioned the district court for a refund of an income tax penalty imposed by the Commissioner of Internal Revenue pursuant to 26 U.S.C. § 6702 for filing their federal income tax return for fiscal year 1982 without providing any information from which tax liability could be computed.

The district court concluded that plaintiffs' blanket Fifth Amendment assertion was invalidated by their failure to provide *any* information from which tax liability could be calculated.

On appeal, plaintiffs claim primarily that they properly asserted their Fifth Amendment privilege and that they were denied due process because no hearing preceded the imposition and payment of the § 6703 penalty.

█ It is well settled that the Fifth Amendment general objection is not a valid claim of the constitutional privilege. *United States v. Stillhammer*, 706 F.2d 1072, 1076 (10th Cir.1983). Moreover, this court has imposed sanctions where this broad Fifth Amendment privilege has been asserted. *Moulton v. Commissioner*, 733 F.2d 734 (10th Cir.1984).

█ Moreover, the post-collection judicial review afforded by the refund suit satisfies the due process requirements of the Constitution. *Tavares v. United States*, 491 F.2d 725, 726 (9th Cir.1974), *cert. denied*, 420

U.S. 925, 95 S.Ct. 1120, 43 L.Ed.2d 394 (1975).

■ The Commissioner urges that sanctions be imposed on the taxpayer for bringing a legally frivolous appeal. Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Whitney v. Cook,* 99 U.S. 607, 25 L.Ed. 446 (1878). In addition, Fed.R.App.P. 38 and 28 U.S.C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court "determine[s] that an appeal is frivolous" or brought for purposes of delay. This court has imposed double costs and attorney's fees for the taking of frivolous appeals in other contexts. *See, e.g., United States v. Rayco, Inc.,* 616 F.2d 462, 464 (10th Cir.1980).

In light of plaintiffs' legally frivolous arguments, the award of double costs and attorney's fees is justified.

Accordingly, double costs and attorney's fees are hereby imposed against plaintiffs for the taking of a legally frivolous appeal. The matter is REMANDED to the district court to make the appropriate determinations. The judgment of the United States District Court for the District of New Mexico is AFFIRMED. *See* 10th Cir.R. 17(b).

The mandate shall issue forthwith.