Ralph E. HEITMAN, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 84–5302.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 16, 1984.

Decided Oct. 18, 1984.

Ralph E. Heitman, pro se.

Michael L. Paup, Chief, Appellate Section, Glen L. Archer, Jr., Asst. Atty. Gen., Carleton D. Powell, Libero Marinelli, Jr., Michael J. Roach, Betsy E. Burke, Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before EDWARDS and KEITH, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.

Mr. Heitman appeals from the district court's judgment which dismissed his action to recover a portion of a fine paid pursuant to 26 U.S.C. § 6702. This statute authorizes the Internal Revenue Service to levy a fine on one who files a frivolous income tax return. Appellant had been fined because, on his 1982 tax return, he refused to answer any financial information on the basis of his privilege against compulsory self-incrimination under the Fifth Amendment. On appeal, the appellant essentially makes three arguments: first, the imposition of § 6702 constitutes a wrongful penalty for exercising his constitutional right against compulsory self-incrimination. Second, he argues that the absence of a hearing prior to imposition of the § 6702 fine violated his due process rights. Finally, he contends that § 6702, as part of the Tax Equity and Fiscal Responsibility Act (TEFRA), was passed in violation of the origination clause of the Constitution.

His first claim is without merit. When one files an income tax return grossly deficient in financial information, a blanket assertion of the Fifth Amendment privilege will not preclude a conviction for failure to file the return under 26 U.S.C. § 7203. *United States v. Heise*, 709 F.2d 449 (6th Cir.) cert. denied, —— U.S. ——, 104 S.Ct. 285, 78 L.Ed.2d 262 (1983) and cases cited therein. The rationale in these cases is applicable to this situation; a blanket self determination of possible incrimination is not a valid assertion of the Fifth Amendment privilege. *Baskin v. United States*, 738 F.2d 975 (8th Cir.1984). In order validly to assert the Fifth Amendment privilege, one must demonstrate real dangers of incrimination. *Zicarelli v. New Jersey State Commission of Investiga-*

*tion,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1675, 32 L.Ed.2d 234 (1972). Many of the questions on a tax return are innocuous, and therefore claiming the privilege as to these questions is frivolous. Since the appellant has improperly claimed the Fifth Amendment privilege, his argument is untenable.

■ The argument that a hearing is required prior to imposition of a fine is also unconvincing. 26 U.S.C. § 6703 provides an adequate process wherein one may challenge the propriety of a fine levied under § 6702. Therefore, this act does not violate the appellant's right to due process. *See Bob Jones University v. Simon,* 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974).

■ Finally, the appellant argues that TEFRA violates the origination clause—Article I, § 7 of the Constitution. He bases his argument on the contention that the Senate version of TEFRA did not remotely resemble what the House had passed. The Senate may amend bills originating in the House as long as the bill remains germane to the subject matter of the bill. *Flint v. Stone Tracy Co.,* 220 U.S. 107, 31 S.Ct. 342, 55 L.Ed. 389 (1911). TEFRA was not passed in violation of this principle as it remained a revenue bill after the Senate amended the Act. *See Milazzo v. United States,* 578 F.Supp. 248 (S.D.Cal.1984).

Accordingly, it is ORDERED that the judgment of the district court be affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.