**Martin A. BRENNAN,
Plaintiff-Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Defendant-Appellee.**

No. 84–1306.

United States Court of Appeals,
Sixth Circuit.

Submitted Oct. 19, 1984.

Decided Oct. 22, 1984.

Martin A. Brennan, pro se.

Leonard R. Gilman, U.S. Atty., Geneva S. Halliday, Asst. U.S. Atty., Detroit, Mich., Glenn L. Archer, Jr., Michael J. Roach, Michael L. Paup, Carleton D. Powell, John A. Dudeck, Jr., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before MARTIN and JONES, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).

Mr. Brennan appeals from the district court's judgment which dismissed his action to recover a portion of a fine paid pursuant to I.R.C. § 6702. 581 F.Supp. 28 This statute authorizes the Internal Revenue Service to levy a fine on one who files a frivolous income tax return. Appellant had been fined because his 1982 return was designated as frivolous under this section. In filing his return, Mr. Brennan refused to answer any financial information on the basis of his privilege against compulsory self-incrimination under the fifth amendment. On appeal the appellant makes six allegations of error.

 In his first argument, the appellant contends that the term frivolous as used in section 6702 is unconstitutionally vague. Prohibiting language in a statute must be in terms that the ordinary person, exercising ordinary common sense, can sufficiently understand. *Civil Service Commission v. National Association of Letter Carriers,* 413 U.S. 548, 549, 93 S.Ct. 2880, 2883, 37 L.Ed.2d 796 (1973). The term "frivolous" as used in section 6702 is sufficiently clear to apprise one of the prohibited behavior. *Rowe v. United States,* 583 F.Supp. 1516, 1520 (D.Del.1984).

 The second, third, and sixth arguments posed by the appellant, can be treated as one. He argues that it is constitutionally improper for the Internal Revenue Service to characterize his income tax return as frivolous and specious. He contends that his blanket assertion of the fifth amendment privilege against compulsory self-incrimination is a valid assertion of a constitutional right. This argument is unconvincing, as a blanket assertion of the fifth amendment privilege is a frivolous position. *Baskin v. United States,* 738 F.2d 975, 977 (8th Cir.1984). Asserting the fifth amendment privilege on a blank tax return will not affect a prosecution for failure to file. *United States v. Heise,* 709 F.2d 449, 451 (6th Cir.1983). In order to properly invoke the privilege, one must demonstrate real dangers of incrimination. *Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 1674, 32 L.Ed.2d 234 (1972). The appellant has made no attempt to explain his claims of the fifth amendment privilege, despite an opportunity to do so in district court. Therefore his claims of the fifth amendment privilege are improper. He was properly fined pursuant to section 6702.

 The fourth and fifth amendments can also be addressed as one. The appellant argues that a hearing is required prior to imposition of a fine pursuant to section 6702. Contrary to the appellant's argument, he has not properly asserted the fifth amendment privilege. Thus an attempt to base this argument on the fifth amendment claims should fail. Additionally, the appellant's rights are adequately protected by the procedures set forth in I.R.C. § 6703. *Baskin v. United States,* 738 F.2d at 977; *see also Bob Jones University v. Simon,* 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1973).

Accordingly, it is ORDERED that the district court judgment be affirmed pursuant to Rule 9(d)(2), Rules of the Sixth Circuit.