**James H. BETZ, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 84–1816.

United States Court of Appeals, Tenth Circuit.

Jan. 22, 1985.

James H. Betz, pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, and William P. Wang, Attys., Tax Div., Dept. of Justice, Washington, D.C. (Richard Allen Stacy, U.S. Atty., Cheyenne, Wyo., of counsel), for defendant-appellee.

Before BARRETT, SETH and McKAY, Circuit Judges.

PER CURIAM.

This three-judge panel has determined unanimously that oral argument would not

be of material assistance in the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal from a district court order granting summary judgment in favor of the defendant in plaintiff's tax refund suit.

Plaintiff taxpayer petitioned the district court for a refund of an income tax penalty imposed by the Commissioner of Internal Revenue pursuant to 26 U.S.C. § 6702 for filing his federal income tax return for fiscal year 1982 without providing *any* information from which tax liability could be computed.

Thereafter, the Internal Revenue Service (IRS) assessed the $500 frivolous return penalty provided by 26 U.S.C. § 6702 against the plaintiff. Plaintiff paid seventy-five dollars of the penalty as allowed by 26 U.S.C. § 6703(c) and subsequently brought the refund suit in district court.

In the district court, plaintiff contended that the penalty was improperly assessed because of his allegedly lawful assertion of the Fifth Amendment and that the Tax Equity and Fiscal Responsibility Act of 1982, which added 26 U.S.C. § 6702, was unconstitutional. The district court concluded that plaintiff's Fifth Amendment assertion was legally frivolous and that the Tax Equity and Fiscal Responsibility Act of 1982 was constitutional.

On appeal, plaintiff's only contention is that the district court erred in granting summary judgment in favor of the defendant because the defendant failed to prove that plaintiff's Fifth Amendment claim was invalid. Plaintiff does not raise the issue of the constitutionality of the Tax Equity and Fiscal Responsibility Act on appeal.

■ It is well settled that the Fifth Amendment general objection is not a valid claim of the constitutional privilege. *Martinez v. Internal Revenue Service,* 744 F.2d 71 (10th Cir.1984); *United States v. Stillhammer,* 706 F.2d 1072, 1076 (10th Cir.1983). Moreover, this court has imposed sanctions where this broad Fifth

Amendment privilege has been asserted. *Moulton v. Commissioner,* 733 F.2d 734 (10th Cir.1984).

■ The Commissioner urges that sanctions be imposed on the taxpayer for bringing a legally frivolous appeal. Courts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings. *See, e.g., Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–67, 100 S.Ct. 2455, 2463–65, 65 L.Ed.2d 488 (1980); *Link v. Wabash R. Co.,* 370 U.S. 626, 632, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962); *Whitney v. Cook,* 99 U.S. (9 Otto) 607, 25 L.Ed. 446 (1878). In addition, Fed.R.App.P. 38 and 28 U.S.C. § 1912 provide that a court of appeals may award just damages and single or double costs if the court "determine[s] that an appeal is frivolous" or brought for purposes of delay. This court has imposed double costs and attorney's fees for the taking of frivolous appeals in other contexts. *See, e.g., United States v. Rayco, Inc.,* 616 F.2d 462, 464 (10th Cir.1980).

In light of plaintiff's legally frivolous arguments, the award of attorney's fees and double costs is justified.

Accordingly, attorney's fees and double costs are hereby imposed against plaintiff for the taking of a legally frivolous appeal. The matter is REMANDED to the district court to make the appropriate determinations. The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

The mandate shall issue forthwith.