**James T. EICHER, Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

**No. 84–1892.**

United States Court of Appeals, First Circuit.

Submitted April 5, 1985.

Decided Oct. 9, 1985.

James T. Eicher, on brief pro se.

Glenn L. Archer, Jr., Asst. Atty. Gen., Washington, D.C., William F. Weld, U.S. Atty., Boston, Mass., Michael L. Paup, Carleton D. Powell and Steven I. Frahm, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief for appellee.

Before CAMPBELL, Chief Judge, and BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

Plaintiff-appellant James Eicher filed IRS Forms 1040A for the years 1981 and 1982 which provided no information except his name, address, social security number, and filing status. He placed an asterisk on each line calling for other information and attached the following footnote to the return:

> "Due to the fact as stated that anything I state on this form may be used against me in a 'DUE PROCESS COURT OF LAW.' I am claiming my Fifth Amendment rights as prescribed by the "Constitution" which you and every employee of the U.S. Govt. has sworn to do so and has taken an oath to do so."

Under section 6702 of the Internal Revenue Code, 26 U.S.C. § 6702, which authorizes imposition of a civil penalty for the filing of a frivolous return, the IRS assessed a $500 penalty for each of plaintiff's purported returns. Pursuant to section 6703(c) of the

Code, 26 U.S.C. § 6703(c), plaintiff paid 15 percent of the penalty, or $75, for each year and filed with the IRS a refund claim, which was denied. Plaintiff then filed suit against the defendant-appellee United States in the district court, claiming that the penalty was invalid because his assertion of the Fifth Amendment privilege was lawful and not frivolous, and also raising a number of constitutional challenges to sections 6702 and 6703. The district court, without oral argument, granted the government's motion for summary judgment, apparently on the grounds that plaintiff's purported returns were frivolous within the meaning of § 6702 as a matter of law, plaintiff's constitutional claims were meritless, and plaintiff had not demonstrated the existence of any genuine issue of material fact.

Plaintiff filed the instant appeal, in which he raises the following arguments: 1) plaintiff's assertion of the Fifth Amendment privilege was not frivolous; 2) section 6702 is unconstitutionally vague in that it authorizes imposition of a penalty for a "frivolous" return; 3) the section 6702 penalty could not constitutionally be imposed against plaintiff without a prior hearing; 4) the penalty infringed plaintiff's First Amendment rights; and 5) the district court could not properly dismiss plaintiff's complaint without an evidentiary hearing. We affirm.

■ It is well-settled that a taxpayer may not assert a blanket claim of Fifth Amendment privilege to avoid providing any financial information on an income tax return. *Betz v. United States*, 753 F.2d 834 (10th Cir.1985); *Heitman v. United States*, 753 F.2d 33 (6th Cir.1984); *Brennan v. Commissioner*, 752 F.2d 187 (6th Cir.1984); *Martinez v. I.R.S.*, 744 F.2d 71 (10th Cir.1984); *Baskin v. United States*, 738 F.2d 975 (8th Cir.1984). While the privilege can be invoked in response to particular questions—in proper circumstances where the taxpayer can demonstrate a real danger of incrimination—it cannot be used,

in effect, to excuse filing of a return. It is difficult to imagine how responses to innocuous questions concerning personal exemptions and contributions to candidates for public office could pose a danger of incrimination. Nor has plaintiff said anything to support his bald assertions that a real danger of self-incrimination existed. Accordingly, we follow the unanimous case law to the effect that a taxpayer's blanket claim of Fifth Amendment privilege on a tax return renders that return "frivolous" within the meaning of section 6702(a)(2)(A). *Betz, supra*, 753 F.2d 834; *Heitman, supra*, 753 F.2d 33; *Brennan, supra*, 752 F.2d 187; *Martinez, supra*, 744 F.2d 71; *Baskin, supra*, 738 F.2d 975.

■ We see no merit to any of plaintiff's constitutional challenges. Since plaintiff's returns certainly are "frivolous" under any definition, plaintiff lacks standing to challenge section 6702 on grounds of vagueness, *Welch v. United States*, 750 F.2d 1101, 1111–12 (1st Cir.1985); even were it otherwise, we have held that section 6702 is not unconstitutionally vague because a person of ordinary common sense can discern the contours of the section's prohibition against "frivolous" returns. *Welch, supra*, 750 F.2d at 1112; *see Brennan, supra*, 752 F.2d 187. It is settled law that the IRS may assess a civil penalty [1] without a prior hearing so long as subsequent judicial review is available. *Bob Jones University v. Simon*, 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974); *Kahn v. United States*, 753 F.2d 1208, 1217–22 (3d Cir.1985); *Heitman, supra*, 753 F.2d 33; *Brennan, supra*, 752 F.2d 187; *Martinez, supra*, 744 F.2d 71; *Baskin, supra*, 738 F.2d 975; *Stamp v. Commissioner*, 579 F.Supp. 168, 171 (N.D. Ill.1984). Nor does section 6702 implicate First Amendment concerns, since it penalizes only noncompliance with federal tax requirements, not taxpayers' freedom of expression. Section 6702 does nothing to impair plaintiff's right to express his views on federal taxes or any other topic, so long

---

**1.** We see no substance to plaintiff's claim that the section 6702 penalty is criminal, not civil, in nature, nor to his contention that an income tax return should be considered a subpoena.

as he does not file a frivolous tax return. *See Kahn, supra,* 753 F.2d at 1214–17, 1223 n. 8; *Welch, supra,* 750 F.2d at 1108–09; *Stamp, supra,* 579 F.Supp. at 171.

 We can discern no reason why the district court should have held an evidentiary hearing prior to granting summary judgment. Plaintiff alleged no facts below that would suggest any basis for his blanket assertion of privilege. No factual inquiry into plaintiff's state of mind or purported good faith in filing the returns was necessary, since a penalty may be assessed under section 6702 regardless of the taxpayer's "good faith" in filing his frivolous return. *Kahn, supra,* 753 F.2d at 1214. Because plaintiff raised no genuine issue of material fact, and because his legal contentions were meritless, the district court's grant of summary judgment was appropriate.

As we have pointed out, plaintiff's appeal raises arguments wholly without legal foundation and repeatedly rejected by the courts. Other courts have imposed sanctions against appellants who brought appeals raising identical arguments. *Betz, supra,* 753 F.2d 834; *Martinez, supra,* 744 F.2d 71; *Baskin, supra,* 738 F.2d 975. Here, in addition, the government asserts— and plaintiff has not denied—that plaintiff's brief is a verbatim copy of briefs filed by other appellants in three other circuits. Under these circumstances we assess double costs against plaintiff under Fed.R. App.P. 38 for his filing of a frivolous appeal.

The judgment of the district court is affirmed. Double costs are assessed against appellant.