785 F.2d 309
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DAVID McEACHERN and DONNA McEACHERN, Plaintiffs-Appellants,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 84-1431
 United States Court of Appeals, Sixth Circuit.
 1/10/86
 ORDER
 
 1
 BEFORE: LIVELY, Chief, Judge; WELLFORD, Circuit Judge; and PORTER, Senior District Judge.*
 
 
 2
 Plaintiffs appeal the district court's order granting summary judgment for defendant. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiffs, husband and wife, filed a joint income tax return for 1982 which asserted the fifth amendment privilege against self-incrimination in response to all questions on the income tax form. The Internal Revenue Service found that the return was frivolous and imposed a $500 penalty under 26 U.S.C. Sec. 6702. Plaintiffs paid 15% of the penalty and filed suit for a refund in the district court under 26 U.S.C. Sec. 6703. The complaint alleged that plaintiffs' income tax return was not frivolous, their assertion of the fifth amendment privilege was valid, the penalty violated due process, and the Tax Equity and Fiscal Responsibility Act of 1982, including section 6702, was unconstitutional because its passage violated the origination clause, Art. I Sec. 7 of the Constitution, it was unconstitutionally vague, and the prepayment provision of section 6703 violated due process. The IRS filed a motion to dismiss or for summary judgment. The district court granted summary judgment for the IRS on the grounds that the complaint was frivolous and the government correctly assessed the penalty under section 6702. On appeal, plaintiffs argue that the word 'frivolous' in section 6702 was unconstitutionally vague, plaintiffs' assertion of the fifth amendment privilege was valid, the section 6702 penalty was criminal rather than civil, due process required a hearing before imposition of the penalty, and questions of fact existed sufficient to preclude summary judgment concerning whether plaintiffs' return was frivolous. We affirm the district court's judgment.
 
 
 4
 Plaintiffs' argument that a hearing is required because the section 6702 penalty is a criminal sanction is without merit. Congress may impose civil penalties for violations of the tax laws. See Helvering v. Mitchell, 303 U.S. 391 (1983). The section 6702 penalty is a civil rather than a criminal sanction. Milazzo v. United States, 578 F. Supp. 248 (S.D. Cal. 1984).
 
 
 5
 Plaintiffs' remaining claims have recently been decided by this court and are without merit. See Heitman v. United States, 753 F.2d 33 (6th Cir. 1984); Brennan v. Commissioner, 752 F.2d 187 (6th Cir. 1984).
 
 
 6
 Accordingly, it is ORDERED that the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3). Damages of $500 and double costs are awarded to the appellee.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge for the Southern District of Ohio, sitting by designation