811 F.2d 147
 59 A.F.T.R.2d 87-618, 87-1 USTC P 9176
 Frank LEOGRANDE, Frank Salerno, Eugene Leogrande, Nicholas
Bonina, Ira Baer, Mitchell Drucker, Edward
Zimmerman, Christopher Furnari, and
Peter Loduca, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 767, Docket 86-6217.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 6, 1987.
Decided Feb. 10, 1987.
 
 Murray Appleman, New York City, for plaintiffs-appellants.
 B. Paul Klein, Tax Div., Dept. of Justice, Washington, D.C. (Charles E. Brookhart, Michael L. Paup, Roger M. Olsen, Asst. Atty. Gen., Andrew J. Maloney, U.S. Atty. for E.D. of N.Y., of counsel), for defendant-appellee.
 Before TIMBERS, PIERCE and ALTIMARI, Circuit Judges.
 PER CURIAM:
 
 
 1
 Each of the nine appellants herein filed an income tax return for the year 1983 which provided only information as to his name, address, social security number, and the amount of estimated 1983 taxes paid or amount applied from his 1982 return. All other items were left blank except for the entry of "Fifth & Sixth Amendments to Constitution" on the line provided for miscellaneous income. No other neutral information or financial data was provided, nor were the returns signed or verified in any way.
 
 
 2
 The Internal Revenue Service ("IRS") determined that the taxpayers' returns fell within the scope of the frivolous return penalty provision of 26 U.S.C. Sec. 6702 (1982) and assessed a $500 penalty against each taxpayer. Each taxpayer paid fifteen percent of the penalty ($75) as required by 26 U.S.C. Sec. 6703(c) (1982) as a condition of filing a refund claim, and then each submitted a refund claim. The IRS denied their claims, whereupon appellants brought suits for refunds in the district court. The district court granted the government's motion for summary judgment and dismissed appellants' complaints, ruling that the IRS had properly assessed the penalties. We agree.
 
 
 3
 It has long been settled since United States v. Sullivan, 274 U.S. 259, 47 S.Ct. 607, 71 L.Ed. 1037 (1927), that a taxpayer cannot refuse to provide any financial information on a tax return based upon a blanket assertion of Fifth Amendment privilege. See United States v. Schiff, 612 F.2d 73, 83 (2d Cir.1979). We have held, as have other circuits, that a return devoid of any financial information based upon a claim of constitutional privilege falls within the meaning of Sec. 6702. Paulson v. United States, 758 F.2d 61, 62 (2d Cir.1985) (per curiam); accord, Eicher v. United States, 774 F.2d 27, 29 (1st Cir.1985) (per curiam); Ricket v. United States, 773 F.2d 1214, 1216 (11th Cir.1985) (per curiam); Hudson v. United States, 766 F.2d 1288, 1291 (9th Cir.1985) (per curiam); Boomer v. United States, 755 F.2d 696, 697 (8th Cir.1985) (per curiam); Betz v. United States, 753 F.2d 834, 835 (10th Cir.1985) (per curiam); Brennan v. Commissioner of Internal Revenue, 752 F.2d 187, 189 (6th Cir.1984) (per curiam). This conclusion is plainly supported by the legislative history of Sec. 6702 which indicates that the frivolous return penalty was meant to apply to returns "in which many or all of the line items are not filled in except for reference to spurious constitutional objections." S.Rep. No. 494, 97th Cong., 2d Sess. 278, reprinted in 1982 U.S.Code Cong. & Ad.News 781, 1024.
 
 
 4
 Appellants' argument that the documents they filed did not purport to be returns within the meaning of Sec. 6702 is utterly without merit. The forms filed by appellants were entitled "U.S. Individual Income Tax Returns--1983" and were thus clearly intended to be returns. Moreover, it is precisely this type of situation that the statute was intended to reach. The statute speaks not in terms of the filing of a valid return but in terms of an individual filing "what purports to be a return." 26 U.S.C. Sec. 6702(a)(1) (1982) (emphasis added). Thus, it is clear that the documents filed by appellants constituted "purported returns" and fell within the meaning of Sec. 6702. See Olson v. United States, 760 F.2d 1003, 1005 (9th Cir.1985).
 
 
 5
 Appellants' other arguments are similarly without merit. For instance, appellants argue that Sec. 6702 applies only to "tax protestors" and not to those who choose to remain silent because of fear of potential criminal prosecution. However, the statute was enacted to penalize specific, objective conduct and it applies to all citizens, whatever their reasons for filing returns such as the instant ones.
 
 
 6
 The judgment of the district court, including its award of costs and attorney's fees pursuant to Federal Rule of Civil Procedure 11, is affirmed. In the past we have assessed double costs and attorney's fees under Federal Rule of Appellate Procedure 38 for appeals as frivolous as this one. Paulson, 758 F.2d at 62. We think the imposition of sanctions to be appropriate in this case as well. Accordingly, appellants and their attorney are assessed double costs in this Court plus a reasonable attorney's fee to the appellee in the total amount of $3,000. This amount, to be paid one-half by appellants in equal pro rata shares and one-half by their attorney, shall be paid to the United States within fourteen days of the date of this decision on pain of penalty for contempt. See Schiff v. Commissioner of Internal Revenue, 751 F.2d 116, 117 (2d Cir.1984) (per curiam); See also Church v. Commissioner of Internal Revenue, 810 F.2d 19, 19-20 (2d Cir.1987) (per curiam). The mandate shall issue forthwith.