**Marvin D. MILLER, Plaintiff,**

v.

**UNITED STATES of America and Internal Revenue Service, Defendants.**

**Civ. No. H85–913.**

United States District Court, N.D. Indiana, Hammond Division.

Sept. 3, 1987.

Marvin D. Miller, pro se.

Philip Klingeberger, Asst. U.S. Atty., Hammond, Ind., David M. Wise, U.S. Dept. of Justice, Washington, D.C., for defendants.

## ORDER

MOODY, District Judge.

This matter is before the court on defendant United States' ("government") motion for summary judgment and motion for an award of costs and attorneys' fees, pursuant to Rules 11 and 56 of the Federal Rules of Civil Procedure, both filed May 18, 1987. Plaintiff Marvin D. Miller filed in opposition to the government's motion on May 20, 1987. For the reasons discussed below, the government's motions for summary judgment and for costs and fees are GRANTED.

### I.

#### *Background*

Plaintiff Miller filed an Internal Revenue Service ("IRS") Form 1040, purporting to be a federal income tax return for the year 1984, signed by him and dated April 15, 1985. Miller's return contains no information regarding income, deductions, or tax owed, if any. Miller provided only his name, address, occupation, and information showing that he was married filing a separate return. Plaintiff claimed four exemptions in his return.

All line items on the return contain either the word "None" or " ** "; the two asterisks refer to a statement typed by Miller on pages one and two of his return which reads: "Note: ** Means a specific objection to the question under the 5th Amendment U.S. Constitution and similar objections under 1, 4, 7, 8, 9, 10, 13 & 14th Amendments." At the top of the form the following words are typed:

I [d]o not understand this return, nor the laws that may or may not apply to me. I request complete immunity per U.S.C. 18 6002 & 6004. Before waiving any Constitutional or natural rights. Including 4th & 5th Amendment rights. Please Help!

Finally, on page two of the return is the following statement:

NOTE: New evidence, certified and Documented, shows the 16th Amendment was never legally passed. This means this whole Form, The IRS and income tax structure is Fraudulent and Illegal, does'nt [sic] it? Please Advise.

After receipt of Miller's return, the IRS assessed a frivolous-return penalty of $500 against him pursuant to 26 U.S.C. § 6702. Miller was notified of the assessment and paid $75 of the penalty and filed a claim for a refund which the IRS denied. Miller then filed his present suit with this court seeking a determination that the 16th amendment was illegally ratified, a return of his $75 and the recission of the frivolous-return penalty.

## II.

### Discussion

In an attempt to deter the filing of frivolous tax returns, Congress, in 1982, added section 6702 to the Internal Revenue Code of 1954 providing for a $500 penalty against persons who file such returns. The legislative history of the Tax Equity & Fiscal Responsibility Act, P.L. 97–248, states that section 6702 was designed to deter taxpayers from filing returns or purported returns which contain insufficient information for determining the correctness of the taxpayer's self-assessment of tax or which contain information that on its face indicates that the amount of self-assessed tax is incorrect. S.Rep. No. 494, 97th Cong., 2d Sess. 277–78, *reprinted in* 1982 U.S.Code Cong. & Admin.News 781, 1023–25 [hereinafter "Senate Report"]; *see also Coleman v. C.I.R.*, 791 F.2d 68, 71 (7th Cir.1986). "The [frivolous-return] penalty will be immediately assessable against any individual filing a 'return' in which many or all of the line items are not filled in except for references to spurious constitutional objections." Senate Report at 278, 1982 U.S.Code Cong. & Admin.News 1024.

In completing his 1984 tax return, plaintiff Miller failed to provide any information concerning his tax obligation; in fact, apart from responding with "None" five times, Miller claimed a fifth amendment privilege by inserting double asterisks in the remaining 52 line items and asserted a general claim that the 16th amendment was illegally ratified. As discussed below, because Miller's constitutional objections are clearly spurious, his 1984 tax return is frivolous within the meaning of section 6702 because it "is contrary to established law and unsupported by a reasoned, colorable argument for a change in the law." *Coleman,* 791 F.2d at 71.

### A. Fifth Amendment Claim

■ The Supreme Court has ruled that raising a self-incrimination claim ·"against every question on the tax return" would be "virtuously frivolous." *Albertson v. Subversive Activities Control Board,* 382 U.S. 70, 79, 86 S.Ct. 194, 199, 15 L.Ed.2d 165 (1965). Moreover, in this circuit, it is well established that a taxpayer may not use the fifth amendment as a basis for refusing to provide any financial data on his federal income tax return unless he makes a colorable showing that he is involved in some activity for which he could be criminally prosecuted. *United States v. Verkuilen,* 690 F.2d 648, 654 (7th Cir.1982) (citing *United States v. Karsky,* 610 F.2d 548, 550 n. 5 (8th Cir.1979), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980) and *United States v. Daly,* 481 F.2d 28, 30 (8th Cir.), *cert. denied,* 414 U.S. 1064, 94 S.Ct 571, 38 L.Ed.2d 469 (1973)) (footnote omitted); *see also United States v. Green,* 757 F.2d 116, 121 (7th Cir.1985); *Liljenfeldt v. United States,* 588 F.Supp. 966, 970 (E.D.Wisc.1984); *Fredrick v. Clark,* 587 F.Supp. 789, 792–93 (W.D.Wisc.1984). Other circuits, when addressing the identical fifth amendment claim under section 6702, have found tax returns like Miller's frivolous and have upheld the imposition of a frivolous-return penalty. *See Jolly v.*

*United States,* 764 F.2d 642, 644 (9th Cir. 1985); *Brennan v. C.I.R.,* 752 F.2d 187, 189 (6th Cir.1984); *Martinez v. Internal Revenue Service,* 744 F.2d 71, 72 (10th Cir.1984); *Baskin v. United States,* 738 F.2d 975, 977 (8th Cir.1984).

Because Miller asserted a fifth amendment privilege to virtually every question on his tax form, and because he has offered no basis or evidence indicating his reasons for doing so, the court concludes, consistent with other courts, that Miller's blanket assertion of a fifth amendment privilege was frivolous under section 6702. *Accord, Jolly,* 764 F.2d at 644 (and cases cited therein).

### B. Constitutionality of 16th Amendment

■ Miller also claims that the government is without power to tax him because the 16th Amendment to the United States Constitution was never properly ratified. In support of this claim, Miller's complaint states in conclusory fashion that then-Secretary of State Philander C. Knox falsified the certification record of the 16th amendment. This very argument was specifically rejected, as frivolous, by the Seventh Circuit Court of Appeals in *United States v. Foster,* 789 F.2d 457, 462–63 (7th Cir.1986) and the Seventh Circuit has continued its rejection in more recent cases. *See Lysiak v. C.I.R.,* 816 F.2d 311, 312 (7th Cir.1987); *United States v. Ferguson,* 793 F.2d 828, 831 (7th Cir.1986); *United States v. Thomas,* 788 F.2d 1250, 1253–54 (7th Cir.1986).

In light of the plethora of case law on this issue, the court finds that Miller's 16th amendment claim is wholly without merit and patently frivolous.[1]

### III.

■ Plaintiff Miller strenuously opposes an entry of summary judgment and de-

mands a jury trial on his constitutional claims. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(e); *Box v. A & P Tea Co.,* 772 F.2d 1372, 1375 (7th Cir.1985). The court must view the record and any reasonable inferences drawn from it in the light most favorable to the nonmoving party. *P.H. Glatfelter Co. v. Voith, Inc.,* 784 F.2d 770, 774 (7th Cir.1986). However, the plain language of Fed.R.Civ.P. 56(e) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ As the preceeding discussion in Part II of this order demonstrates, plaintiff Miller has not offered any arguments or evidence to demonstrate a factual dispute; accordingly, the court finds that the government is entitled to judgment as a matter of law. Nevertheless, Miller maintains that he has a constitutional right to have his case heard by a jury. The court disagrees.

First, the seventh amendment's guarantee of a jury trial does not require a jury trial when there are no facts in dispute, *Coleman,* 791 F.2d at 71, and Miller has put none in dispute. A court should grant summary judgment when it is persuaded that, on the same evidence, it would have to reverse a jury verdict in favor of the party opposing summary judgment. *Anderson v. Liberty Lobby,* 477 U.S. 242,

---

1. Read liberally, Miller's complaint also challenges the constitutionality of section 6702 on due process grounds. Miller argues that due process entitled him to a hearing on his fifth amendment claim before the assessment and payment of the frivolous-return penalty of sections 6702 and 6703. However, because courts have uniformly rejected this very due process attack, the court need not consider Miller's

claim further. *See Sisemore v. United States,* 797 F.2d 268, 270 (6th Cir.1986); *Hudson v. United States,* 766 F.2d 1288, 1291–92 (9th Cir. 1985); *Jolly v. United States,* 764 F.2d 642, 644– 47 (9th Cir.1985); *Wardell v. United States,* 757 F.2d 203, 205 (8th Cir.1985) (per curiam); *Anderson v. United States,* 754 F.2d 1270, 1272 (5th Cir.1985) (per curiam); *Kahn v. United States,* 753 F.2d 1208, 1217–18 (3rd Cir.1985)

106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).[2] Second, the seventh amendment simply "does not apply to civil litigation against the United States." *Coleman*, 791 F.2d at 71 (citing *McElrath v. United States*, 102 U.S. (12 Otto) 426, 440, 26 L.Ed. 189 (1880)); *see also Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 450–51, 97 S.Ct. 1261, 1266–67, 51 L.Ed.2d 464 (1977). Therefore, despite plaintiff's protestations to the contrary, the court finds that the $500 frivolous-return penalty under section 6702 was properly imposed against Miller; accordingly, the government's motion for summary judgment is GRANTED.

## IV.

### Sanctions

The government also seeks an award of costs and attorneys' fees, pursuant to Fed. R.Civ.P. 11, incurred by it in defending against Miller's frivolous lawsuit. Because Miller's suit is patently frivolous—by any standard—Rule 11 sanctions are most appropriate here.

The problem of bad-faith or frivolous pleadings has been so widespread that Congress and the Supreme Court have addressed it by amending the Federal Rules of Civil Procedure. Rule 11, as amended, effective August 1, 1983, provides in pertinent part:

A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address. * * * The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose,

such as to harass or cause unnecessary delay * * *, * * * if a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represetned party, or both, an appropriate sanction, which may include * * * a reasonable attorney's fees.

The Advisory Committee's notes emphasize that the amendment is "intended to reduce the reluctance of courts to impose sanctions * * *. [T]he standard is the same for unrepresented parties [as for attorneys]."

■ The arguments put forth by Miller are frivolous; they have been raised and rejected by courts in this circuit and others on countless occasions. *Coleman*, 791 F.2d at 72. As the *Coleman* court stated:

The purpose of §§ 6673 and 6702, like the purpose of Rules 11 and 38 and of § 1927, is to induce litigants to conform their behavior to the governing rules regardless of their subjective beliefs. Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments. Both appellants say that the penalties stifle their right to petition for redress of grievances. But there is no constitutional right to bring frivolous suits, *see Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743, 103 S.Ct. 2161, 2170, 76 L.Ed.2d 277 (1983). People who wish to express displeasure with taxes must choose other forums, and there are many available. Taxes are onerous, no doubt, and the size of the tax burden gives people reason to hope that they can escape payment. Self-interest calls forth obtuseness. An obtuse belief—even if sincerely held—is no refuge, no warrant for imposing delay on the legal system

---

**2.** The inquiry on a motion for summary judgment "unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict— 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" *Anderson*, 106 S.Ct. at 2511. A jury presented with the evidence here could come to but one conclusion, therefore summary judgment is proper.

and costs on one's adversaries. The more costly obtuseness becomes, the less there will be.

*Id.* at 72–73. Thus, in an attempt to deter Miller from filing future frivolous litigation, the court holds that Miller is to be FINED $1,500 as a Rule 11 sanction.[3]

Normally, the imposition of a Rule 11 sanction would end the court's analysis; however, because this is not Miller's first time to receive such a sanction, the court is concerned that mere monetary penalties may not be sufficient to deter Miller's conduct in the future. This present case represents Miller's third time, in as many years, to bring the identical suit before this court. *See Miller v. United States,* 577 F.Supp. 980 (N.D.Ind.1984) (Sharp, C.J.) ("Miller I"); *Miller v. United States,* Cause No. S 84–684 (N.D.Ind.1985) (Sharp, C.J.) ("Miller II") [Available on WEST-LAW, database].

■ The facts in both Miller I and II are identical to the facts presently before the court. In both prior cases the court found Miller subject to the frivolous-return penalty of section 6702; in Miller I, the court actually imposed a $500 Rule 11 sanction. Yet, despite the two prior courts' warnings and the Rule 11 sanction, Miller has persisted in his desire to file frivolous suits and to impede the legitimate administration of the federal income tax laws. It is apparent that monetary sanctions do not impress Mr. Miller, consequently, additional action by the court is warranted.

"A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." *Lysiak v. C.I.R.,* 816 F.2d 311, 313 (7th Cir.1987) (per curriam) (citing *In Re Urban,* 768 F.2d 1497, 1500 (D.C.Cir. 1985) and *Green v. Warden, U.S. Penitentiary,* 699 F.2d 364 (7th Cir.1983)). Recently, in *Lysiak,* 816 F.2d at 313, the Seventh Circuit fashioned such a remedy in a case, like this one, involving a persistent tax protestor. In developing the appropriate bar to frivolous actions, the *Lysiak* court

was sensitive to balance its "obligation to protect and preserve the sound and orderly administration of justice" with a litigant's "undeniable right of access to the court's processes." *Id.* (citations omitted); *see also Hilgeford v. People's Bank, Inc.,* 652 F.Supp. 230, 234–35 (N.D.Ind.1986). In that same spirit, the court ORDERS that the Clerk of this court shall administer all future filings by Marvin D. Miller in accordance with the procedures set forth in the CONCLUSION of this order.

CONCLUSION

The United States' motion for summary judgment is hereby GRANTED. Plaintiff Miller is hereby DIRECTED to REMIT $1,500 to the United States as a Rule 11 sanction.

The Court further ORDERS that the following procedures shall, until such time as the court may order otherwise, govern any filings in this court made by Marvin D. Miller:

1. Marvin D. Miller, or anyone acting on his behalf, is hereby ENJOINED from filing any action in this court without first obtaining leave from the court as set out below. Any new action which Miller seeks to file in this court will not be file marked until the court grants Miller leave to file.

2. Upon Miller's attempt to file a new action, the Clerk of this court shall immediately issue an order directing that Miller file a petition for leave to file such action within 14 days thereof.

3. In seeking leave to file a case with this court, Miller shall certify that his new action is made in good faith and that the claims that he wishes to bring are not frivolous, and that they have not been raised and disposed of on the merits by this court in previous actions. Miller shall include in his petition a list of the issues he wishes to bring and also attach a

---

**3.** The imposition of a fine, in lieu of actual costs and fees, as "an appropriate sanction" under Rule 11 has been consistently upheld by the Seventh Circuit. *See Cheek v. Doe, et al.,* 828 F.2d 395, 397 (7th Cir.1987) (cases cited therein).

copy of this order. Failure to file this petition in complete form within the 14–day deadline will be sufficient ground for denial of leave to file.

4. Upon timely receipt of a complete petition for leave to file an action, the court will review the petition to determine whether Miller's new action presents a colorable claim.

5. This order in no way prohibits Miller from seeking an appeal in this or any other case.