36 F.3d 1105
 74 A.F.T.R.2d 94-6411
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 William T. CONKLIN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-1213.
 United States Court of Appeals, Tenth Circuit.
 Sept. 16, 1994.
 
 Before LOGAN, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 William T. Conklin (Conklin), a self-described "known tax protestor like Jesus Christ, Thomas Jefferson, Benjamin Franklin and George Washington," (R., Vol. II, Tab 42 at 1), appeals from an Order and Memorandum of Decision dismissing his complaint and granting summary judgment in favor of the United States. (Internal Revenue Service (IRS)).
 
 
 3
 In February or March, 1988, Conklin sent the IRS a Form 1040, individual income tax return. The return was accompanied by several Form W-2s relating to wage income, a Form 5948 relating to retirement account information, and several Form 1099s relating to other income. The Form 1040 however, "was bereft of information, except for a pre-printed label with plaintiff's name and address." (R., Vol. II, Tab 42 at 2).
 
 
 4
 Several letters were submitted with the Form 1040. Within the letters, Conklin explained the lack of information on the Form 1040 by noting that he had previously given power of attorney to the IRS's district counsel to sign his returns "if they can be signed without waiving my constitutional rights." Id. at 3. Plaintiff also requested that "the IRS complete and sign his 1987 return." Id. Thereafter, the IRS notified Conklin that it could not accept the Form 1040 because it did not contain information required by law.
 
 
 5
 In response, Conklin mailed the IRS a second Form 1040 which contained wage data and a claim for the standard deduction. The form indicated that Conklin owed, and had previously paid, $200.00 in income taxes. Conklin however, did not sign the Form 1040. Rather, he again referred to the power of attorney included with his 1986 return and implied that the IRS should sign the form for him.
 
 
 6
 Thereafter, the IRS assessed a $500.00 penalty against Conklin pursuant to 26 U.S.C. 6702 for filing a frivolous tax return. Conklin promptly paid $75.00 of the penalty as allowed by 26 U.S.C. 6703(c) and demanded a refund. When the IRS refused to refund, Conklin filed this action. Both parties moved for summary judgment.
 
 
 7
 In granting the IRS's motion for summary judgment, the court found: Conklin's argument that his refusal to sign his 1987 Form 1040 was proper on the grounds that his signature would violate his Fifth Amendment rights was rejected in Betz v. United States, 753 F.2d 834, 835 (10th Cir.1985) ("It is well settled that the Fifth Amendment general objection [to filing a proper tax return] is not a valid claim of the constitutional privilege."); Conklin's contention that his classification by the IRS as an illegal tax protestor justifies invocation of his Fifth Amendment privilege "misunderstands the nature of the ... privilege .... [which] protects against compelled testimonial communications .... [and] Plaintiff has wholly failed to persuade me that truthful completion of the IRS From 1040 or any related forms would tend to incriminate him." (R., Vol. II at p. 6).
 
 
 8
 On appeal, Conklin posits the following issues: "Whether an individual who has been classified as an illegal tax protestor has a valid concern about waiving his fifth amendment rights when he signs a federal income tax return"; "Whether an individual who has been advised by several attorneys that he will waive his fifth amendment rights on a federal tax return should be penalized when he relied in good faith on the advice of counsel." The government responds that the district court correctly held that Conklin was liable for the $500.00 frivolous return penalty imposed under 6702. Further, the government urges that we should impose sanctions against Conklin for bringing this frivolous appeal. We agree.
 
 
 9
 We affirm for substantially the reasons set forth in the district court's Order and Memorandum of Decision dated May 2, 1994.
 
 
 10
 Moreover, "[i]n light of plaintiff's legally frivolous arguments, the award of attorney's fees and double costs [are] justified." Betz, 753 F.2d at 835. See also: Charczuk v. Commissioner of Internal Revenue, 771 F.2d 471, 474-76 (10th Cir.1985); Martinez v. Internal Revenue Service, 744 F.2d 71, 73 (10th Cir.1984).
 
 
 11
 Accordingly, attorney fees and double costs are hereby imposed against Conklin for the taking of a legally frivolous appeal. The matter is REMANDED to the district court to make the appropriate determinations.
 
 
 12
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470