62 F.3d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael G. POPE, Plaintiff-Appellant,
v.
THE BUREAU OF INDIAN AFFAIRS, Eastern Navajo Agency, Lake
Valley Navajo School; and Holly Chandler, Barbara Gentry,
Maureen Halligan, David J. Atanasoff, Larry Holman, Herbert
Succo, Robert King, Government Agents, Defendants-Appellees.
 No. 95-2022.
D.C. No. CIV-94-551-LH.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 8, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This is an appeal from a district court order dismissing the above-captioned suit for want of prosecution. Because we see no error in the district court's reasoning or the factual basis for its decision, we affirm.
 
 
 3
 The following facts are taken from the complaint. Plaintiff Michael G. Pope is a substitute teacher at the Lake Valley Navajo School in New Mexico. Mr. Pope alleged constructive discharge and a violation of his right of association based on defendants' "detrimental comments made with regard to his moral character and physical association with the Navajo people in general."
 
 
 4
 The district court order states this complaint was filed on May 20, 1994. Mr. Pope's application to proceed in forma pauperis was granted on July 18, 1994. However, service of process was never made, and on November 16, 1994, the court clerk notified Mr. Pope the matter would be dismissed absent a showing of good cause. On December 20, 1994, the court received a letter from Mr. Pope stating he had "started a new career ... which initially does not allow much free time to be taken to actually prosecute the case."
 
 
 5
 The district court dismissed for want of prosecution on December 30, 1994, pursuant to Fed.R.Civ.P. Rule 41.1(b), Martinez v. IRS, 744 F.2d 71, 73 (10th Cir.1984) (courts have inherent power to impose sanctions on litigants to regulate the docket and deter frivolous filings), and Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962) (federal court may dismiss action for want of prosecution). We see no error in the district court's order, which is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470