T.C. Memo. 2005-11

UNITED STATES TAX COURT

BRADLEY COLSON BRENNECKE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11555-04.               Filed January 25, 2005.

Bradley Colson Brennecke, pro se.

<u>Edward L. Walter</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case is before the Court
on respondent's Motion to Dismiss for Failure to State a Claim
Upon Which Relief Can be Granted filed pursuant to Rule 40.[1]
Petitioner did not file a Federal income tax return for the
taxable year 1999.  Respondent determined a deficiency of $9,488

_____

[1]     All rule references are to the Tax Court Rules of Practice
and Procedure, and all section references are to the Internal
Revenue Code in effect for the year in issue.

in petitioner's 1999 Federal income tax and additions to tax under sections 6651(a)(1) and 6654(a) in the respective amounts of $2,372 and $459.15. The taxable income upon which the notice of deficiency is predicated was derived from third-party reporting forms. Petitioner filed a timely petition in which he lists a diatribe of arguments as to why he was not required to pay Federal income tax. At the time the petition was filed petitioner resided in Goshen, Ohio.

Respondent's motion was filed on August 13, 2004. On August 17, 2004, the Court ordered that petitioner file an amended petition "in which he sets forth with specificity each error he alleges was made by the respondent in the determination of the deficiency and separate statements of every fact upon which petitioner bases the assignment of each error." See Rule 34. The Court also set respondent's motion for hearing at the Trial Session of November 8, 2004, in Cincinnati, Ohio. Rather than complying with the Court's Order of August 17, 2004, petitioner filed another farrago of nonsense.

When this case was called from the calendar petitioner was told that he had not complied with the Court's Order and that his arguments were frivolous and without merit. See, e.g., Martin v. Commissioner, 756 F.2d 38 (6th Cir. 1985), affg. T.C. Memo. 1983-473; Brennan v. Commissioner, 752 F.2d 187 (6th Cir. 1984); Rowlee v. Commissioner, 80 T.C. 1111 (1983).

The Court further warned petitioner that, if he persisted, damages would be imposed under section 6673.  Section 6673(a) provides that, if the Court determines that proceedings are maintained by a taxpayer primarily for delay or the position of a taxpayer is groundless or frivolous, the Court may award a penalty to the United States in an amount not in excess of $25,000.

At the hearing, petitioner maintained the course that he had charted in his petition.  Accordingly, respondent's motion to dismiss for failure to state a claim will be granted.  Furthermore, petitioner's arguments advanced here are frivolous, and we award a penalty to the United States of $5,000 under section 6673.

<u>An appropriate order of dismissal and decision will be entered.</u>