F I L E D
United States Court of Appeals
Tenth Circuit

MAR 9 1998

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENST CIRCUIT

---

MICHAEL DUANE SMITH, proper party plaintiff,

    Plaintiff-Appellant,

v.

ROBERT RUBIN, in private capacity; MARGARET
MILNER RICHARDSON, in private capacity;
WALTER A. HUTTON, Jr., in private capacity;
VIRGINIA P. WOOD, in private capacity; JOHN
DOE, JANE DOE, COURT CLERK, in private
capacity, United States Tax Court; ROY MASSEY, in
private capacity; SALLY LONGAN, in private
capacity; TIM WILHELM, in private capacity; TODD
HAWK, in private capacity; JEFFERY SHERRILL, in
private capacity; DARWYN DARL, in private
capacity; PAM C. BIGELOW, in private capacity;
GARY WASSOW, in private capacity; JOHN DOES,
and JANE DOES, in private capacity, who saw
statement submitted by Plaintiff, Michael Duane Smith
to: Internal Revenue Service, Inc.; PHIL BLIGHTON,
in private capacity; KEN SIPES, in private capacity;
MICHELLE DANKERS, in private capacity; CLARK
CARPENTER, in private capacity; TOM
SHERWOOD, in private capacity; DEBORAH S.
DECKER, in private capacity,

    Defendants,

and

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 97-1242
(D.C. No. 96-D-2372)
(D. Colo.)

## ORDER AND JUDGMENT[*]

Before **SEYMOUR, BRORBY** and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Michael Duane Smith [1] appeals from an order of the United States District Court for the District of Colorado denying Mr. Smith's request for a new Article III judge; granting the Government's motion to dismiss and dismissing with prejudice Mr. Smith's complaint; denying all of Mr. Smith's pending motions; and quashing the subpoena served upon the district judge. We have jurisdiction

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Throughout the record the appellant variously signs documents as "Michael Duane, Smith" and "Michael Duane Smith"; we will refer to him as Mr. Smith.

pursuant to 28 U.S.C. § 1291, and we affirm. Furthermore, finding Mr. Smith's claims frivolous, we invoke our power under Fed. R. App. P. 38 to order Mr. Smith to show cause why he should not be sanctioned.

## Background

Mr. Smith's suit arose after officials of the Internal Revenue Service (IRS) executed a tax levy for $2,176.35 against his bank account. Mr. Smith brought an action in district court against Secretary of the Treasury Robert Rubin and numerous lesser officials of the IRS in their "private capacity" alleging fraud, kidnaping, trespass, and a plethora of other violations of his rights. [2] Mr. Smith attempted to sue the named defendants pursuant to 18 U.S.C. §§ 1621, 1622 and 1623, and 42 U.S.C. §§ 1983, 1985, 1986, and 1988, seeking "declaratory damages," compensatory damages, and other remedies, including costs and fees.

The Government substituted the United States as a party defendant, pursuant to 28 U.S.C. § 2679 (d)(1). Simultaneously, the Government filed a

---

[2] Mr. Smith fails to inform this court that he also brought suit against certain private officers and employees of a private bank in Colorado based on this tax levy. *See Smith v. Kitchen*, 132 F.3d 43 (Order & Judgment), 1997 WL 768297 (10th Cir. 1997). We note Mr. Smith has failed to comply with 10th Cir. R. 28.2 requiring a clear statement of whether there have been any prior or related appeals in this case.

motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(5), and for failure to state a claim upon which relief could be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Mr. Smith filed a series of pleadings but failed to respond directly to the Government's motion to dismiss.

In the interim, the case was referred to a magistrate judge to convene a scheduling conference and dispose of various pretrial matters. Denying the magistrate judge's authority to supervise the case, Mr. Smith failed to appear at a scheduling/planning conference ordered by the magistrate judge.

Having reviewed carefully both Mr. Smith's original complaint and subsequent pleadings, the district court denied Mr. Smith's motion for a new Article III judge and granted the Government's motion to dismiss. The district court dismissed the case with prejudice and denied all Mr. Smith's pending motions. This appeal followed.

**Discussion**

*Issues on Appeal*

Mr. Smith raises six claims on appeal: (1) the IRS agents violated Mr. Smith's Fifth Amendment due process rights when they seized his bank account; (2) the Secretary of the Treasury, the Commissioner of Internal Revenue, and the District Directors are liable for the actions of their agents under the doctrine of *respondeat superior* ; (3) the magistrate judge had no jurisdiction to decide the case because Mr. Smith did not consent to have the case "tried" by the magistrate judge; (4) the district court improperly denied Mr. Smith his constitutional right to have "non-bar counsel"; (5) the district court variously erred in quashing subpoenas, denying Mr. Smith the right to discovery and denying Mr. Smith his right to a trial; and (6) the district court erred in rejecting Mr. Smith's claim there is a substantive difference between "district courts of the United States" and the "United States District Court," and that the latter lacks jurisdiction to hear constitutional claims.

The Government's motion to dismiss asserted multiple grounds for dismissal. We review *de novo* the dismissal of a case for lack of subject matter jurisdiction. *Fostvedt v. United States* , 978 F.2d 1201, 1202 (10th Cir. 1992), *cert. denied* , 507 U.S. 988 (1993). We review a district court's dismissal for

-5-

failure to state a claim *de novo*. *Chemical Weapons Working Group, Inc. v. United States Dep't of the Army*, 111 F.3d 1485, 1490 (10th Cir. 1997). Mr. Smith's *pro se* complaint is reviewed by a cautious standard, applying the principle of generous construction to his pleadings. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

Turning first to the propriety of the district court's dismissal of Mr. Smith's suit claiming various violations of his Fifth Amendment rights, we again note Mr. Smith did not respond directly to the Government's motion to dismiss at the district court level. Nor does he respond to the findings of the district court in this appeal.

The district court determined Mr. Smith's suit against the United States was barred by the doctrine of sovereign immunity. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981) (doctrine of sovereign immunity bars suits against the United States unless it has expressly consented to be sued). The district court, however, went on to consider whether Mr. Smith might have a *Bivens* action, *see Dahn v. United States*, 127 F.3d 1249, 1254 (10th Cir. 1997) (individual IRS agents not subject to *Bivens* actions); *see also Vennes* v. *An Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1453-54 (8th Cir. 1994) (constitutional tort

remedies generally unavailable against IRS agents), *cert. denied*, 513 U.S. 1076 (1995); whether the alleged facts demonstrated a constitutional violation, *see Blinder, Robinson & Co. v. United States Securities & Exchange Comm'n*, 748 F.2d 1415, 1419 (10th Cir. 1984) (complaint alleging constitutional rights violation must plead specific facts supporting the claim), *cert. denied*, 471 U.S. 1125 (1985); or whether Mr. Smith might have an action under the Federal Employees' Liability Reform and Tort Compensation Act of 1988, *see generally* 28 U.S.C. § 2679(b)(1) (as amended); *see Christensen v. Ward*, 916 F.2d 1462, 1471-73, 1475 (10th Cir.) (IRS agents acting within the scope of employment enjoy absolute immunity), *cert. denied*, 498 U.S. 999 (1990).

Having satisfied itself that Mr. Smith had no legitimate cause of action under any available legal theory, the district court dismissed his suit with prejudice. Having thoroughly reviewed the record, we see no error in this ruling. We agree with the analysis of the district court and cannot add to it in any substantive manner.

Turning to Mr. Smith's ancillary allegations on appeal, he contends the Secretary, the Commissioner, and the District Director are liable for the purportedly unconstitutional actions of their subordinates under the doctrine of

*respondeat superior*. The law provides otherwise. *See Kaiser v. Lief*, 874 F.2d 732, 736 (10th Cir. 1989) (holding doctrine of *respondeat superior* does not apply to "an officer who has no affirmative link with the constitutional violation"); *see also Kite v. Kelley*, 546 F.2d 334, 337 (10th Cir. 1976) (discussing "affirmative link" requirement). In constitutional tort suits against federal officials for monetary damages, as we have here, the complaint must allege the defendants participated or acquiesced in the alleged unlawful conduct of their subordinates. *Kite*, 546 F.2d at 337. Mr. Smith made no allegation that these officials were directly and personally involved in the events giving rise to this action, and they were properly dismissed from the action.

Mr. Smith contends the magistrate judge lacked jurisdiction to hear the case because Mr. Smith had not consented to have the case "tried" by a magistrate judge. *See* Fed. R. Civ. P. 73(b) (consent requirement for civil trial jurisdiction); 28 U.S.C. § 636(c) (jurisdiction and authority of magistrate judge). However, the order of reference to the magistrate judge was limited to nondispositive pretrial matters for which Mr. Smith's consent is not required by law. *See* Fed. R. Civ. P. 72(a)-(b) (providing for magistrate judge to be assigned without the consent of the parties to hear nondispositive pretrial matters); 28 U.S.C. § 636(b)(1)(A)-(B) (same). As the record clearly demonstrates, the district court, not the magistrate

judge, ruled on the Government's motion to dismiss, denied Mr. Smith's various motions, and entered judgment. Therefore, the magistrate judge did not exceed his jurisdiction in this matter, and Mr. Smith's consent was not required.

Mr. Smith next claims the district court improperly denied him his constitutional right to have "non-bar counsel." The Constitution does not guarantee a right to counsel in all situations; there is a presumed right to counsel only in civil cases where the litigant's physical liberty is directly threatened. *See Garramone v. Romo*, 94 F.3d 1446, 1449-50 (10th Cir. 1996) (discussing when right to counsel arises in civil proceedings). Herein, Mr. Smith's liberty interests were not threatened, thus the constitutional right to counsel did not arise. We need not address his vacuous argument regarding the status of "non-bar counsel."

Mr. Smith also claims the district court erred in quashing subpoenas, denying him the right to discovery, and denying him his right to a trial. The record indicates discovery was stayed pending the district court's ruling on the Government's motion to dismiss. The discovery issues arose here in the context of a suit for damages against Government employees asserting qualified immunity. In such suits, the defendant is entitled to dismissal *before* commencement of discovery, unless the plaintiff's allegations state a claim of

constitutional violation of clearly established law. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Even when viewed with charity, Mr. Smith's pleadings allege no such claim; thus we find no error.

Further, Mr. Smith is not entitled to a jury trial. Based on the allegations of his complaint, the defendants are clearly immune from suit. Mr. Smith's Seventh Amendment right to a jury trial was not abridged because his complaint failed as a matter of law to present an issue for trial. *See* Fed. R. Civ. P. 12(b).

Finally, Mr. Smith makes an elaborate, albeit misguided, argument challenging the jurisdiction of the district court, claiming a "United States District Court" is different in kind from the "district courts of the United States." This argument is poppycock.

The judgment of the district court is **AFFIRMED** in all respects.

*Fed. R. Civ. P. 38 Sanctions*

This court has the inherent power to impose sanctions to regulate the

docket, promote judicial efficiency and to deter frivolous filings.[3] *See Van Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986); *Betz v. United States*, 753 F.2d 834, 835 (10th Cir. 1985). This court also has statutory power to impose sanctions for frivolous appeals pursuant to 28 U.S.C. § 1912 and Fed. R. App. P. 38, both of which authorize an award of damages and single or double costs. We recognize that Mr. Smith is appearing *pro se*, and we do not desire to unduly burden him with sanctions, but this court need not endure baseless, repetitive appeals, serving only to waste the resources of the court and the appellees.

In light of the district court's carefully considered order, Mr. Smith knew or should have known his appeal, without more, was without merit. Moreover, Mr. Smith's appeal here simply repeats claims deemed frivolous in his earlier suit against bank officials, *e.g.*, the jurisdiction of the magistrate judge and the district court, the right to "non-bar counsel," and the right to a jury trial. *See Smith v. Kitchen*, 1997 WL 768297 at **3-4 (addressing similar claims).

Mr. Smith already has had an opportunity to respond to the imposition of

---

[3] Generally, an "appeal is frivolous when 'the result is obvious or the appellant's arguments of error are wholly without merit.'" *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (quoting *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652, 656 (9th Cir. 1984)).

sanctions in his earlier case. *Id*. at **4. We shall provide him with a similar opportunity. *See* Fed. R. Civ. P. 38 (enunciating requirement that notice and opportunity to respond must precede the imposition of sanctions).

Therefore, under Fed. R. Civ. P. 38, we order Mr. Smith to show cause why he should not be sanctioned in the amount of $500.00, payable to the Clerk of the United States Court of Appeals for the Tenth Circuit, as a small contribution to the United States for the costs of this action. Furthermore, Mr. Smith is prohibited from filing any further complaints in the United States District Court for the District of Colorado, or any other appeals in this court, in any civil matters, excluding habeas corpus petitions, until Mr. Smith has certified under oath that he has satisfied this sanction. The clerks of those courts are directed to return any such filings to Mr. Smith.

Accordingly, the clerk of this court is directed to issue an order requiring Mr. Smith to show cause why the above sanctions should not be imposed. Mr. Smith's response shall not exceed five pages. If the response is not received by the clerk within ten days of the filing of this Order and Judgment, the sanctions will be imposed.

In summary, we **AFFIRM** the judgment of the district court in all respects, and we order Mr. Smith to show cause why he should not be sanctioned for his frivolous appeal.

**Entered for the Court**

**WADE BRORBY**
United States Circuit Judge