**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 24 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDSEY K. SPRINGER,

       Plaintiff - Appellant,

v.

STATE OF ALABAMA; STATE OF
ALASKA; STATE OF ARIZONA;
STATE OF ARKANSAS; STATE OF
CALIFORNIA; STATE OF
COLORADO; STATE OF
CONNECTICUT; STATE OF
DELAWARE; STATE OF FLORIDA;
STATE OF GEORGIA; STATE OF
HAWAII; STATE OF IDAHO;
STATE OF ILLINOIS; STATE OF
INDIANA; STATE OF IOWA;
STATE OF KANSAS; STATE OF
KENTUCKY; STATE OF
LOUISIANA; STATE OF MAINE;
STATE OF MARYLAND; STATE OF
MASSACHUSETTS; STATE OF
MICHIGAN; STATE OF
MINNESOTA; STATE OF
MISSISSIPPI; STATE OF
MISSOURI; STATE OF MONTANA;
STATE OF NEBRASKA; STATE OF
NEVADA; STATE OF NEW
HAMPSHIRE; STATE OF NEW
JERSEY; STATE OF NEW MEXICO;
STATE OF NEW YORK; STATE OF
NORTH CAROLINA; STATE OF
NORTH DAKOTA; STATE OF
OHIO; STATE OF OKLAHOMA;

No. 99-5227
(D.C. No. 99-CV-3-BU)
(Northern District of Oklahoma)

STATE OF OREGON; STATE OF PENNSYLVANIA; STATE OF RHODE ISLAND; STATE OF SOUTH CAROLINA; STATE OF SOUTH DAKOTA; STATE OF TENNESSEE; STATE OF TEXAS; STATE OF UTAH; STATE OF VERMONT; STATE OF VIRGINIA; STATE OF WASHINGTON; STATE OF WISCONSIN; STATE OF WEST VIRGINIA; STATE OF WYOMING, Union States,

       Defendants - Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **BALDOCK**, **HENRY** and **LUCERO**, Circuit Judges.

---

Plaintiff-appellant Lindsey Springer brought suit against all fifty States alleging that their ballot access laws violate his constitutional rights. Holding that these claims were barred by Eleventh Amendment immunity, the district court ruled in favor of the forty-six defendants that filed motions to dismiss and

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

- 2 -

dismissed the remaining claims sua sponte. We affirm and order Springer to show cause why we should not impose sanctions.

Springer apparently sent a letter to the appropriate official in each of the fifty States asserting he will be thirty-five years of age by January 20, 2001, is a natural born citizen, and has always resided in Oklahoma, and on that basis requested that his name be placed on the primary and general election ballots for President of the United States. The several States either rejected or ignored the request. As he has done so often, Springer responded by filing the instant lawsuit in federal court.

In general, the Eleventh Amendment bars suits in federal courts against non-consenting States. See Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Springer advances several meritless arguments as to why his own suit against every State in the Union is not so barred. It does not matter that Springer is seeking only declaratory and injunctive relief, because "the relief sought by a plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment." Id. at 58. Nor has he shown that the States have waived their immunity; there has been no express waiver, and "a state . . . does not waive Eleventh Amendment immunity merely by appearing in a suit." Mascheroni v. Board of Regents of the Univ. of California, 28 F.3d 1554, 1560 (10th Cir. 1994). Likewise, his assertion that 42 U.S.C. § 1983 abrogates the

Eleventh Amendment is baseless.  See Quern v. Jordan, 440 U.S. 332, 343-45 (1979).

Springer's assertion that the district court abused its discretion when it dismissed sua sponte his claims against four defendant States on Eleventh Amendment immunity grounds is equally meritless.  See Mascheroni, 28 F.3d at 1559.  Because the application of Eleventh Amendment immunity is dispositive of Springer's claims, we do not address the additional issues raised on appeal.

We find Springer's claims to be wholly without merit, and we consider the outcome of the appeal to have been so obvious as to render it frivolous.  This is not the first time Springer has filed a meritless action in federal court or brought a frivolous appeal.  See Springer v. Infinity Group, Co., No. 98-5182, 1999 WL 651391 (10th Cir. Aug. 26, 1999) (affirming the district court's dismissal for failure to state a claim) (unpublished); Springer v. IRS, No. 95-5072, 1996 WL 164459 (10th Cir. April 8, 1996) (imposing sanctions for frivolous appeal) (unpublished); cf. Springer v. Hustler Magazine, No. 99-5117, 1999 WL 979242 at *1 n.1 (10th Cir. Oct. 28, 1999) (affirming dismissal on summary judgment and noting that two arguments on appeal were "utterly without merit") (unpublished); Buckner v. United States, No. 98-5057, 1999 WL 61071 (10th Cir. Feb. 4 1999) (noting that the district court had granted summary judgment against the plaintiffs, including Springer, on their claim that federal taxation amounted to

involuntary servitude) (unpublished).  We possess the inherent power to impose sanctions to regulate our docket, promote judicial efficiency, and deter frivolous filings.  See Van Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986).  "This court need not endure baseless, repetitive appeals, serving only to waste the resources of the court and the appellees."  Smith v. Rubin, No. 97-1242, 1998 WL 99019, at *4 (10th Cir. March 9, 1998) (unpublished).  Therefore, we order Springer to show cause why he should not be sanctioned in the amount of $1000.00, payable to the Clerk of the United States Court of Appeals for the Tenth Circuit, as a limited contribution to the United States for the cost and expenses of this action, and be prohibited from filing any further complaints in the United States District Court for the Northern District of Oklahoma, or any further appeals in this Court, in any civil matters, excluding habeas corpus petitions,[1] until he has filed with the clerk of this Court a notarized affidavit, in proper legal form, stating that he has satisfied this sanction.

Accordingly, we direct the clerk of this Court to issue an order requiring Springer to show cause why the above sanction should not be imposed.  Springer's response shall not exceed five pages.  If the response is not received by the clerk within ten days of the issuance of the order, the sanction shall be

[1]  Any such habeas petition would be subject to the relevant statutes and jurisprudence.

- 5 -

imposed and the clerks of this Court and United States District Court for the Northern District of Oklahoma are directed to return any prohibited filings to Springer.

We AFFIRM the judgment of the district court.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge