**Martin T. RICKET, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 85–3076**

**Nonargument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Oct. 15, 1985.

---

**18.** Between November 1979 and April 1980, Cabriolet received ninety-nine cars from Honda.

George T. Rita, Trial Atty., Tax Div., U.S. Dept. of Justice, Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, Carlton D. Powell, Douglas G. Coulter, Washington, D.C., for U.S.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Martin T. Ricket ("Ricket") filed a 1982 income tax return containing only his signature and the date, and invoking the Fifth Amendment privilege against self-incrimination with respect to the other relevant questions. Ricket was assessed a $500 civil penalty under I.R.C. § 6702[1] for filing a frivolous return. He then filed suit under I.R.C. § 6703(c) for a refund of the assessed penalty. The district court dismissed his complaint for failure to state a claim for a refund.

On appeal, Ricket contends that (1) the district court erred in dismissing his complaint because there was a genuine issue as to the validity of his Fifth Amendment claim; (2) § 6702 unconstitutionally penalizes the exercise of the First Amendment right of free speech; and (3) § 6702 is unconstitutional because the term "frivolous" in the IRS' interpretations of the statute is vague. These arguments are patently frivolous, and the judgment of the district court is therefore affirmed.

In addition, the government has urged this court to award double costs and attorney's fees under Fed.R.App.P. 38.[2]

---

1. The section provides:

**§ 6702. Frivolous income tax return**

(a) Civil penalty.—If—

(1) any individual files what purports to be a return of the tax imposed by subtitle A but which—

(A) does not contain information on which the substantial correctness of the self-assessment may be judged, or

(B) contains information that on its face indicates that the self-assessment is substantially incorrect; and

(2) the conduct referred to in paragraph (1) is due to—

(A) a position which is frivolous, or

(B) a desire (which appears on the purported return) to delay or impede the administration of Federal income tax laws,

then such individual shall pay a penalty of $500.

(b) Penalty in addition to other penalties. —The penalty imposed by subsection (a) shall be in addition to any other penalty provided by law.

2. The advisory committee notes to Fed.R.App.P..

Ricket was put on notice about the inadequacy of his income tax return when the IRS assessed a $500 penalty against him for filing a "frivolous" return and moved for attorney's fees and costs in the district court. The lower court's opinion dismissing with prejudice his complaint also provided a warning to him that his suit was frivolous. Other circuits have uniformly rejected similar claims asserted by taxpayers seeking a refund of the § 6702 penalty, and have assessed double costs and attorneys for prosecuting frivolous appeals. *Paulson v. United States,* 758 F.2d 61, 62 (2d Cir.1985); *Boomer v. United States,* 755 F.2d 696, 697 (8th Cir.1985); *Martinez v. Internal Revenue Service,* 744 F.2d 71, 72–73 (10th Cir.1984). Ricket nevertheless appealed to this court.

The legal theories advanced by Ricket have been rejected uniformly as frivolous, both in the § 6702 context presented in this case, and in clearly analogous contexts. On appeal, this court has indicated that it will impose double costs and attorney's fees where a taxpayer prosecutes a frivolous appeal. *See Biermann v. Commissioner,* 769 F.2d 707, 708 (11th Cir.1985); *Waters v. Commissioner,* 764 F.2d 1389, 1390 (11th Cir.1985). Under these circumstances, we conclude that it is appropriate to exercise our discretion to award double costs and reasonable attorney's fees. We remand to the district court for a determination of reasonable attorney's fees to be awarded to the government for the cost of defending this appeal.

AFFIRMED and REMANDED.

38 clearly indicate that attorney's fees and double costs can be awarded to the appellee if the appellant prosecutes a frivolous appeal.