LEONARD A. LUTZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lutz v. Commissioner
Docket No. 23618-83.
United States Tax Court
T.C. Memo 1986-13; 1986 Tax Ct. Memo LEXIS 592; 51 T.C.M. (CCH) 262; T.C.M. (RIA) 86013; January 13, 1986. *592 P has totally and willfully failed to produce documents despite a specific order of this Court directing him to do so. Held, P's failure constitutes a default and judgment therefor is appropriate respecting the income tax deficiencies and the additions to the tax under sec. 6654, I.R.C. 1954. Rule 104(c)(3), Tax Court Rules of Practice and Procedure.Held further, P is liable for the additions to tax for fraud under sec. 6653(b), I.R.C. 1954. Rule 104(c)(1), Tax Court Rules of Practice and Procedure.Durovic v. Commissioner,84 T.C. 101 (1985), followed. *593 Leonard A. Lutz, pro se. Russell F. Kurdys and Willie E. Armstrong, Jr., for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions [under Rule 104(c)] [1] filed on August 15, 1985. [2]
Respondent, in his notice of deficiency issued to petitioner on May 19, 1983, determined deficiencies in petitioner's Federal income tax and additions to the tax for the taxable calendar years 1979 through 1981 in the following respective amounts: Additions to Tax, I.R.C. 1954 [3]
Years
Income Tax
Section 6653(b)
Section 6654
1979
$1,583.98
$791.99
$65.84
1980
2,261.28
1,130.64
144.07
1981
1,465.65
732.83
112.32
The adjustments to income as determined by respondent in his deficiency *594 notice are: 1979
1980
1981
Salaries & Wages Unreported
$1,970.00
$2,514.28
$ 550.00 Rents Unreported
2,043.00
2,160.00
2,160.00 Distributive share of
partnership ordinary
income unreported
1,230.31
5,862.18
4,517.02 Capital Gains Unreported
3,797.70
853.12 Exemption
(1,000.00)
$9,041.01
$10,536.46
$7,080.14 Petitioner resided at 202 Sylvan Heights Drive, Sylvania, Georgia on the date his timely petition was filed. He filed no Federal income tax returns with the Internal Revenue Service for the years at bar. [4]
At paragraph 4 of his petition filed on August 12, 1983 petitioner recites--"I do not believe I owe any of the above." [5]
*595 Respondent filed his answer on February 27, 1984 and, as stated earlier, petitioner filed his reply on June 14, 1984, on which date the pleadings were closed. More than 30 days thereafter respondent commenced discovery. See Rules 34, 36, 38 and 70(a)(2). This case has had quite a history preceding the invocation of discovery. Since that matter is not pertinent to our present inquiry it will not be discussed. Suffice it to say petitioner is no stranger to this Court. He has been here before with his spouse (who currently is before the Court on an identical motion to that we consider here at docket No. 23619-83) in the case designated docket No. 9211-81. There, when they failed to appear for trial, their case was dismissed for failure to properly prosecute and decision ws entered embracing a 1978 income tax deficiency on November 3, 1982. Respondent, by and through his motion, seeks dismissal of this case and entry of decision for the income tax deficiencies and all of the additions to the tax determined in his deficiency notice. On December 18, 1984 respondent, pursuant to Rule 72, served on petitioner an 11 paragraph document request. A review of those requests reveals *596 that they seek documents which are highly relevant and material to the issues at dispute in this case. The purpose of the pleadings and discovery is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975). All of the pertinent and relevant facts necessary to the disposition of a case should see the light of day prior to the trial of a case. The basic purpose of discovery is to reduce surprise by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. "For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case." Zaentz v. Commissioner,73 T.C. 469, 471 (1979). When petitioner *597 totally failed to respond to respondent's discovery request, respondent submitted a Motion to Compel Compliance Therewith, which the Court filed on January 22, 1985. [6]
By Order dated February 12, 1985, a copy of which was served on the parties by the Court on February 14, 1985, respondent's Motion to Compel was granted and petitioner was advised therein, in pertinent part, as follows: ORDERED that respondent's above-referenced motion to compel is granted in that petitioner shall, on or before May 1, 1985, produce to counsel for respondent those documents requested in respondent's request for production of documents served on petitioner on December 18, 1984. [7] It is further ORDERED that in the event petitioner does not fully comply with the provisions of this order, this Court will be inclined to impose sanctions pursuant to Tax Court Rule 104, which may include dismissal of this case and entry of a decision against petitioner. *598 Petitioner did not produce the documents as directed by this Court and it appears he had no intention of doing so for in a letter dated May 22, 1985 to respondent's District Counsel at Pittsburgh, Pennsylvania he states-- Having spoken to you on the phone and understanding that I have one of two choices (i.e. take evidence in to be used against myself OR refuse to go in at all) I have chosen not to go in since this would violate my rights under the 5th amendment to the Constitution (sic) of the United States of America. I assume this means that the court will immediately deny me any farther (sic) hearing in this matter, but this cannot be helped in the light of those rights which are mine under the Constitution. On August 15, 1985 respondent filed the motion we now consider. A copy of that motion together with a copy of a Notice of Hearing calendaring respondent's motion for hearing at Washington, D.C. on September 18, 1985 were served on petitioner on August 19, 1985. When the case was called on September 18, 1985 petitioner did not appear, no response to respondent's motion was filed nor did he comply with our discovery order. Our Rules of Practice and our orders mean *599 exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our Rules and a specific order of this Court petitioner has not done so and there is not one valid reason extant in this record to explain his total failure to comply. He has, in essence, ignored and defied our order of February 12, 1985, and, by his inexcusable conduct, shown complete and utter disrespect for our Rules and an order of this Court. Indeed, petitioner's total failure to act has worked to his detriment. On this record, we find petitioner's absolute failure to comply with our order to be willful. Petitioner's due process rights have not been abrogated or abridged here. Ginter v. Southern,611 F.2d 1226 (8th Cir. 1979); Cupp v. Commissioner,65 T.C. 68 (1975), affd. in an unpublished opinion 559 F.2d 1207 (3rd Cir. 1977). His general assertion that his Fourth and Fifth Amendment *600 rights have been violated is wholly frivolous. See Rechtzigel v. Commissioner,79 T.C. 132, 136-139 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983). In Edwards v. Commissioner,680 F.2d 1268, 1270 (9th Cir. 1982), the Court said-- Appellant's fourth amendment claim is without foundation and utterly devoid of merit.Requiring taxpayers, who institute civil proceedings protesting deficiency notices, to produce records or face dismissal constitutes no invasion of privacy or unlawful search and seizure. [8]
As we view this record, respondent's discovery request sought documents highly relevant and material to the issues at dispute. Nowhere in this record does petitioner argue to the contrary. *601 Nonetheless, he made no attempt to comply with those requests despite a specific order of this Court directing him to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows-- (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule * * * 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. Rule 104(a) and (c) provide various sanctions for failure to respond to discovery requests and for failure to comply with discovery orders. The sanctions for each are the same and are enumerated in Rule 104(c). Where no discovery order is outstanding dismissal is appropriate only upon total failure to respond to discovery requests. *602 However, where a party fails to comply with a Court order dismissal may be appropriate even though there has been a partial response. Dusha v. Commissioner,82 T.C. 592, 602-604 (1984), which was reviewed by the Court. Here, petitioner has, without justification, totally and willfully refused to respond to respondent's discovery request in spite of a specific order of this Court directing him to do so. Among the sanctions available, dismissal is one of the most severe and should not be ordered indiscriminately. Dusha v. Commissioner,supra at 605. Nevertheless, it must be available under appropriate circumstances not merely to penalize the party for failure to comply with a Court order but also to deter other taxpayers from engaging in similar conduct. Dusha v. Commissioner,supra at 605-606; National Hockey League v. Met. Hockey Club,427 U.S. 639, 643 (1976). Dismissal is proper for failure to comply with this *603 Court's discovery orders where such failure is due to willfulness, bad faith or other fault of the party. Dusha v. Commissioner,supra at 604; Societe Internationale v. Rogers,357 U.S. 197, 212 (1958). Where the evidence requested is material, failure to produce it constitutes an admission of the lack of merit in the party's position. Dusha v. Commissioner,supra at 605; Hammond Packing Co. v. Arkansas,212 U.S. 322 (1909). In the circumstances of this case we conclude that petitioner's persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case respecting the income tax deficiencies and the additions to the tax under section 6654 for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Miller v. Commissioner,741 F.2d 198 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Hart v. Commissioner,730 F.2d 1206 (8th Cir. 1984), *604 affg. per curiam an order of dismissal and decision of this Court; Rechizigel v. Commissioner,supra; McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978). [9]
*605 Next, we turn our consideration to the additions to the tax under section 6653(b). Rule 104(c) provides as a sanction that we may make "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the case in accordance with the claim of the party obtaining the order." [10]
Respondent has the burden of proving fraud by clear and convincing evidence, and he may carry his burdne by relying on facts deemed established by reason of a Court order. Rechtzigel v. Commissioner,supra at 139-143; Marcus v. Commissioner,70 T.C. 562, 571-573 (1978), affd. without published opinion 621 F.2d 439 (5th Cir. 1980); *606 section 7454(a) and Rule 142(b). Moreover, it is clear that, as a sanction for the total and willful failure to comply with our Order of February 12, 1985, we may deem established for purposes of this case certain facts, including facts pertaining to the additions to the tax for fraud. Durovic v. Commissioner,84 T.C. 101, 118-119 (1985). [11] By and through our Order dated December 18, 1985 and as a sanction we deemed established for purposes of this case the affirmative allegations contained in paragraph 6(a) through (r) of respondent's answer. The facts which we have deemed established are sufficient for respondent to carry his burden of proof and to show that there was a fraudulent underpayment of taxes by petitioner. An appropriate order and decision will be entered.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. This case was assigned pursuant to sec. 7456(d)(3), Internal Revenue Code of 1954↩, as amended, and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. The 1979 Form 1040, which petitioner submitted to the Internal Revenue Service on May 21, 1980 and which was completely devoid of information concerning income, did not constitute a valid Federal income tax return. Jarvis v. Commissioner,78 T.C. 646, 652-655↩ (1982), and cases cited therein. At paragraph 6(b) of his Reply to respondent's Answer filed on June 14, 1984 petitioner admits that he filed no Federal income tax return for 1980 or 1981.
5. This is the sum and substance of petitioner's case. We observe, however, that he has not placed the income tax deficiencies at dispute. He disputes only the additions to the tax under secs. 6653(b) and 6654↩.
6. Respondent served a copy of his motion on petitioner on January 16, 1985.↩
7. Petitioner was given more than the usual time to produce the requested documents since he advised the Court that he had recently moved, his spouse was to undergo surgery and his two grade school children needed supervision. Petitioner's time to produce was further extended, at his request, to June 3, 1985.↩
8. See Ricket v. Commissioner,773 F.2d 1214 (11th Cir. 1985), where the Court rejected a Fifth Amendment claim as frivolous. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Eleventh Circuit. See also, Hallowell v. Commissioner,744 F.2d 406, 408↩ (5th Cir. 1984).
9. See also, Keating v. Commissioner,T.C. Memo. 1985-312; Hollander v. Commissioner,T.C. Memo. 1985-184; Delaney v. Commissioner,T.C. Memo. 1985-73; Baranski v. Commissioner,T.C. Memo. 1984-639; Kuhn v. Commissioner,T.C. Memo. 1984-638; Romano v. Commissioner,T.C. Memo. 1984-568; Burton v. Commissioner,T.C. Memo. 1984-99; Douglas v. Commissioner,T.C. Memo. 1983-786, affd. without published opinion 754 F.2d 373 (6th Cir. 1984); Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141; Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595↩.
10. We wish to emphasize at this point that petitioner, in his reply filed on June 14, 1984, admits that he received the adjustments to income set forth in the proceeding schedule and that he did not report any of those amounts on any Federal income tax return for the years at bar.↩
11. See and compare Hartman v. Commissioner,T.C. Memo. 1985-482↩.