[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13424
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cv-00079-PGB-DCI

LORI PARKER,

Plaintiff - Appellant,

versus

ANNETTE EVELINE PARKER,
ANNETTE EVELINE PARKER,
as Trustee for the Annette Eveline Parker Trust,
JOHN IRWIN PARKER, JR.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 1, 2020)

Before MARTIN, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Lori Parker, proceeding pro se, appeals the grant of summary judgment and dismissal of her amended complaint alleging that her stepmother and brother used fraud to deprive her of her inheritance.  On appeal, she argues that the district court abused its discretion by denying her motion for additional discovery and erred by dismissing her amended complaint and granting summary judgment to defendants.  She also challenges the denial of her motion to compel discovery for failure to comply with Middle District of Florida Local Rule 3.01(g), which requires parties to confer with opposing counsel before filing certain motions.  Also before us is the defendant-appellees' motion for sanctions.  After careful review, we affirm the district court and deny the motion for sanctions.

## I.

In November 2018, Lori Parker filed an amended complaint against her brother, John Irwin Parker, Jr.; her stepmother, Annette Eveline Parker; and her stepmother's trust (together, "Defendants").  The complaint asserts, in sum and substance, that Defendants conspired to defraud Lori of assets she was entitled to inherit from her father, John Irwin Parker, Sr., upon his death in 2002.[1]  It alleges that, in 2014, John Jr. confessed to taking part of the inheritance that John Sr. had left for Lori, though he did not tell her the nature or value of the assets.  The

---

[1] Because all parties share the same surname, we will address them here as "Lori," "Annette," "John Jr," and "John Sr."

2

complaint says that, to do so, John Jr. and Annette made false representations to the holders of her father's accounts that they were his only two legal heirs, thereby depriving Lori of her inheritance.  John Jr. and Annette then engaged in a conspiracy to conceal from Lori that she was the beneficiary of certain assets.  And they used the fraudulently obtained portions of the inheritance to purchase a beach home and vacation property.  Based on these facts, the complaint alleges a number of instances of fraud, conversion, fraudulent concealment, civil conspiracy, and fraudulent conveyance and conversion.

Defendants moved to dismiss the amended complaint.  While that motion was pending, the parties proceeded with discovery.  After conducting depositions of John Jr. and Annette, Lori moved for an order compelling discovery answers and holding Defendants in contempt for asserting privacy grounds to object to, and refuse to answer, numerous deposition questions.  Lori claimed that, by refusing to answer her questions on privacy grounds, Defendants violated the magistrate judge's prior order denying Defendants' motion to stay discovery and for a protective order.  She asked the magistrate judge to order Defendants to answer questions regarding her father's "medical or financial affairs."  She also asked that the discovery deadline be extended so she could depose John Jr. and Annette a second time.  The magistrate judge denied Lori's motion for failure to comply with Middle District of Florida Local Rule 3.04(a).  This rule requires that motions to

3

compel discovery include, among other things, quotations of the deposition question at issue, the objection and response, and the reason why the motion should be granted.  See M.D. Fla. R. 3.04(a).

Lori filed an amended motion to compel discovery.  The magistrate judge denied this motion as well.  First, it held that Lori failed to comply with Middle District of Florida Local Rule 3.01(g), which requires that, before filing a motion, parties confer with opposing counsel in a good faith effort to resolve the issues raised therein.  M.D. Fla. R. 3.01(g).  Second, it held that the motion to compel was not timely because it was filed after the discovery deadline.  Finally, it addressed the merits of Lori's motion to compel answers to her interrogatory and request for production seeking documents identifying persons and entities with whom Annette communicated regarding the distribution of John Sr.'s assets.  The magistrate judge rejected Lori's contention that Annette should have, but did not, disclose as witnesses Merrill Lynch, Wachovia Bank, PNC Bank, and Navy Federal Credit Union.  The magistrate judge accepted Annette's response to the motion to compel certifying that she did not have documents responsive to that request and did not believe those institutions had information relevant to the lawsuit.  After finding that Lori failed to show Annette's answers were insufficient, the magistrate judge stated that the court could not "compel something that does not exist."

Lori objected to the magistrate judge's order, pursuant to Federal Rule of Civil Procedure 72(a), and the district court convened a hearing. At the hearing, the district court ordered discovery reopened for the limited purpose of requesting origination documents, signature cards, and changes in beneficiary for accounts held by John Sr. at Merrill Lynch, Wachovia, PNC, or Navy Federal at the time of his death, if such accounts existed. The district court decided to inspect these documents in camera. If the documents indicated a change in beneficiary involving Lori, then they were to be disclosed to her.

The district court reviewed the responsive records and found no evidence supporting Lori's claims. It then granted Defendants' motion to dismiss and motion for summary judgment. It held that the amended complaint "fails to allege essentially all of the critical details of Defendants' alleged conspiracy to steal [Lori's] inheritance." Because the complaint did not allege "the location of the accounts, when they were looted, how the theft was executed, and what became of the proceeds," the district court found its "general accusations" were not plausible. It also held Defendants were entitled to summary judgment because Lori failed to produce evidence necessary for a reasonable jury to find in her favor on any claim.

Lori timely appealed.

5

## II.

We review for abuse of discretion the denial of a motion to compel discovery. Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1306 (11th Cir. 2011). We review the denial of a motion for failure to comply with local rules for abuse of discretion. Quick v. Peoples Bank of Cullman Cnty., 993 F.2d 793, 798 (11th Cir. 1993). We review de novo the grant of summary judgment and the dismissal of a complaint for failure to state a claim. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003) (per curiam). We liberally construe the filings of pro se litigants. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000).

## III.

Liberally construed, Lori argues that the district court abused its discretion by denying her Rule 72(a) appeal of the magistrate judge's order denying her motions to compel discovery. She argues that the information she sought was not protected by the right to privacy set out in the Florida Constitution, Article I, § 23. And she argues the district court erred in denying her motion to compel on the basis of Local Rule 3.01(g), which she says imposes a "futile" requirement on litigants. None of these arguments are persuasive.

We need not address Lori's arguments regarding the right to privacy under the Florida Constitution because neither the district court nor the magistrate judge relied on the right to privacy in denying Lori's motion to compel discovery.

6

Rather, the magistrate denied her motion because it was untimely; because Lori did not comply with Local Rule 3.01(g); and because Lori failed to provide convincing evidence that Defendants' answers were not responsive to her discovery requests. While Defendants raised the Florida right to privacy as the basis of their objections to deposition questions, that was not the court's basis for denying Lori's motions to compel. This issue is therefore not properly before us.

We also see no abuse of discretion in the denial of Lori's motion to compel for failure to comply with Local Rule 3.01(g). Liberally construed, Lori's argument is that Local Rule 3.01(g) is futile and unduly burdensome on litigants, because it requires them to "expend . . . time and money . . . on a conference for a motion for sanctions that will never be agreed to by the other party no matter what is discussed." Br. of Appellant at 19. We reject this argument.

A majority of district judges in a district court may adopt and amend local rules governing court practice after giving public notice and opportunity for comment. Fed. R. Civ. P. 83(a). Those rules must be "consistent with—but not duplicate—federal statutes and rules." Id. Here, Local Rule 3.01(g) states that, before filing a motion, "the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion." Nothing in this rule is inconsistent with the Federal Rules of Civil Procedure or any federal statute. Neither are we persuaded that this requirement is "futile," even

7

when a party seeks to move for sanctions, as Lori argues. Such conferences might serve to resolve disputes between the parties and eliminate the necessity of seeking sanctions in the first instance. And, to the extent Lori challenges the application of Local Rule 3.01(g) to her motions for sanctions and to compel discovery, there is nothing in the record suggesting that the magistrate judge abused its discretion in finding that Lori failed to meet this requirement.

Lori also argues that the district court erred in granting Defendants' motions to dismiss and for summary judgment. The only argument she raises in her opening brief[2] in support of this is that she was "blocked during discovery from acquiring the evidence she needed to prove her case." Br. of Appellant at 14. As we have explained, Lori has not shown that the lower court erred in denying her motion to compel further discovery. Accordingly, we also reject her argument that the district court erred in granting Defendants' motions to dismiss and for summary judgment.

## IV.

Defendants have also filed a motion for this Court to impose sanctions against Lori. They argue Lori's appeal is frivolous because it is devoid of merit and "avoid[s] discussion of every reason the lower court ruled against her."

---

[2] "[W]e do not address arguments raised for the first time in a pro se litigant's reply brief." Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

Federal Rule of Appellate Procedure 38 authorizes courts of appeals to impose sanctions against "appellants who raise clearly frivolous claims in the face of established law and clear facts."  Farese v. Scherer, 342 F.3d 1223, 1232 (11th Cir. 2003) (per curiam) (quotation marks omitted).  However, this Court has been reluctant to impose sanctions on pro se appellants, even when their appeals are plainly frivolous.  See Woods v. IRS, 3 F.3d 403, 404 (11th Cir. 1993) (per curiam) (holding that sanctions pursuant to Fed. R. App. P. 38 were inappropriate because, while the appeal was frivolous, it was brought pro se).  This Court has imposed sanctions on pro se appellants, but usually after they received a warning from the lower court that the issues on appeal were frivolous.  See Ricket v. United States, 773 F.2d 1214, 1216 (11th Cir. 1985) (per curiam).  Here, Lori received no advance notice from the district court that her appeal was frivolous.  And in any event, we cannot say her appeal was so frivolous as to merit sanctions.  Indeed, the district court partially granted her Rule 72 motion and allowed for additional, limited discovery before granting Defendants' motions to dismiss and for summary judgment.  We therefore conclude that sanctions are not warranted here.

## V.

For these reasons, we **AFFIRM** the district court and **DENY** Defendants' motion for sanctions.

9