[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11638
Non-Argument Calendar

_____

D.C. Docket No. 2:19-cv-00075-LGW,
Bkcy No. 2:07-bkc-20244-MJK

In re: MARVIN B. SMITH, III,
         SHARON H. SMITH,

                                                          Debtors.

_____

MARVIN B. SMITH, III,
SHARON H. SMITH,

                                                          Plaintiffs-Appellants,

versus

M. DELORES MURPHY,

                                                          Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 18, 2021)

Before JILL PRYOR, LUCK, and EDMONDSON, Circuit Judges.

PER CURIAM:

Marvin and Sharon Smith, proceeding pro se,[1] appeal the district court's order affirming the bankruptcy court's dismissal of the Smiths' adversary complaint filed against Delores Murphy. No reversible error has been shown; we affirm. We also grant Murphy's motion for attorney's fees and double costs pursuant to Fed. R. App. P. 38.

I.    Background

This appeal arises out of extensive litigation stemming from the Smiths' bankruptcy proceedings and from property the Smiths owned on St. Simons Island,

_____

[1] We construe liberally pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

Georgia (the "Property").  We will summarize the facts and proceedings only as necessary to provide context for our decision.[2]

The Property is located within a two-unit condominium building comprised of the Property (Unit B) and Unit A.  Unit A is owned by Murphy.  Both units are governed by the Enchantment by the Sea Condominium Owner's Association ("Association").  The owners of each unit are members of the Association and have voting rights.

In 2007, the Smiths filed for bankruptcy seeking to discharge over $2 million in mortgage debt on the Property.  On their bankruptcy petition, the Smiths listed Countrywide Home Loans ("Countrywide") as holding two secured claims against the Property.

In 2008, Countrywide -- as servicing agent for HSBC Bank USA, N.A. ("HSBC") -- moved for relief from the automatic stay under 11 U.S.C. § 362(a). The bankruptcy court denied the motion but entered a Consent Order modifying the automatic stay to allow the bankruptcy trustee to market the Property for sale. If the Property remained unsold as of 4 May 2009, the automatic stay would

---

[2] A more thorough description of the underlying factual and procedural history is set forth in the district court's decisions in Smith v. HSBC Bank, N.A., 616 B.R. 438 (S.D. Ga. 2020), and in Smith v. Murphy, 616 B.R. 228 (S.D. Ga. 2020).

terminate without further hearing or order; and foreclosure proceedings could commence.

In July 2009, the bankruptcy court denied the Smiths' motion to vacate the Consent Order and stated that foreclosure on the Property could proceed. The district court affirmed; and we dismissed as frivolous the Smiths' appeal.

In April 2012, the bankruptcy trustee abandoned the bankruptcy estate's interest in the Property. HSBC foreclosed on the Property in May 2015. On 1 June 2016, the bankruptcy court entered an order discharging the Smiths' debt under Chapter 7. The Smiths were later evicted from the Property in August 2017.

Meanwhile, in March 2015, members of the Association elected Marvin Smith as president and elected Murphy as secretary/treasurer of the Association. In July 2015 -- after HSBC foreclosed on the Property -- Murphy filed the Association's annual registration with the Georgia Secretary of State, naming herself as CEO.

In February 2017, Murphy -- on behalf of the Association -- filed a complaint in state court seeking to enjoin the Smiths and HSBC from preventing the Association from entering the Property to inspect and to make repairs. In an affidavit supporting her motion, Murphy purported to be the president of the Association and alleged that the Property had fallen into disrepair, was causing

4

water damage to her unit, and that the Smiths had refused to cooperate with repair efforts.  In March 2017, the state court issued a temporary restraining order ("TRO").

In April 2017, the Smiths filed in state court a petition for a TRO against Murphy; Murphy counterclaimed for private nuisance based on the Smiths' failure to maintain the Property.  Following a jury trial on the counterclaim, the state court entered final judgment in favor of Murphy and awarded damages of $690,000.

In August 2017, the Smiths moved in the underlying bankruptcy action to enforce against Murphy the automatic stay under 11 U.S.C. § 362.  The Smiths alleged that Murphy had violated the automatic stay by (1) filing documents with the Georgia Secretary of State declaring herself CEO/President of the Association; (2) seeking a TRO against the Smiths; and (3) by filing a counterclaim against the Smiths in state court.  The bankruptcy court denied the motion in January 2018.

In October 2017, the Smiths filed the adversary proceeding that is the subject of this appeal.  The complaint asserted against Murphy non-bankruptcy claims for fraud, fraud upon the court, collusion with intent to defraud, theft, violation of Constitutional rights, and recklessness ("Counts I-VI").  The Smiths also alleged that Murphy violated the automatic stay based on the same three

complained-of acts identified in the Smiths' August 2017 stay motion ("Count VII").

The bankruptcy court dismissed with prejudice the Smiths' adversary proceeding against Murphy. The bankruptcy court first concluded that it lacked subject matter jurisdiction over Counts I-VI: claims that did not "arise under," "arise in," or "relate to" the Bankruptcy Code. The bankruptcy court next dismissed Count VII for failure to state a claim. The district court affirmed.

II.     Discussion

We review de novo legal conclusions of both the bankruptcy court and the district court. See Finova Cap. Corp. v. Larson Pharmacy, Inc. (In re Optical Techs., Inc.), 425 F.3d 1294, 1299-1300 (11th Cir. 2005). We review for clear error the bankruptcy court's factual findings. See id. at 1300.

A. Dismissal of Counts I-VI

We review de novo questions of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 408 (11th Cir. 1999).

6

The bankruptcy court has jurisdiction over three categories of proceedings: "those that 'arise under [T]itle 11,' those that 'arise in cases under [T]itle 11,' and those 'related to cases under [T]itle 11.'" See Cont'l Nat'l Bank v. Sanchez (In re Toledo), 170 F.3d 1340, 1344 (11th Cir. 1999) (citing 28 U.S.C. § 1334(b)).  A claim "arises under" Title 11 if it invokes a substantive right created by the Bankruptcy Code.  Id. at 1345.  A claim arises in a case under Title 11 if it involves "matters that could arise only in bankruptcy."  Id.  A claim is sufficiently "related to" Title 11 for jurisdictional purposes when the outcome of the proceeding "could conceivably have an effect on the estate being administered in bankruptcy."  See Wortley v. Bakst, 844 F.3d 1313, 1318-19, 1320 (11th Cir. 2017).

The bankruptcy court committed no error in dismissing -- for lack of subject matter jurisdiction -- the Smiths' non-bankruptcy claims for fraud, fraud upon the court, collusion with intent to defraud, theft, violation of Constitutional rights, and recklessness.  These claims invoke no right created by the Bankruptcy Code and involve no matter unique to bankruptcy.  Nor would the resolution of these claims have a conceivable effect on the bankruptcy estate.  By the time the Smiths filed this adversary proceeding in October 2017, the Property was no longer part of the bankruptcy estate; and the bankruptcy estate had been already fully administered.

7

B. Dismissal of Count VII

We review de novo a dismissal for failure to state a claim, accepting all properly alleged facts as true and construing them in the light most favorable to the plaintiff. Estate of Jackson v. Schron (In re Fundamental Long Term Care, Inc.), 873 F.3d 1325, 1334-35 (11th Cir. 2017).

The purported stay violations alleged in Count VII occurred in July 2015, February 2017, and May 2017. That the automatic stay expired in June 2016 -- when the bankruptcy court entered an order discharging the Smiths' Chapter 7 debt -- is clear. Thus, no automatic stay was in effect or could be violated at the time of Murphy's complained-of acts in February 2017 and May 2017.

The Smiths first contend that Murphy violated the automatic stay in July 2015 by filing registration documents with the Georgia Secretary of State. By that time, however, the bankruptcy trustee had abandoned the Property and HSBC had foreclosed on the Property. The Property was thus no longer "property of the estate" or "property of the debtor" protected by the automatic stay. Nor were the Smiths -- as former owners of the Property -- still members of the Association.

8

Because the Smiths can state no plausible claim for violation of the automatic stay, the bankruptcy court dismissed properly Count VII.

### C.  Scheduling Order

The Smiths next contend that the bankruptcy court erred by failing to issue a scheduling order pursuant to Fed. R. Civ. P. 16(b)(2), and thus preventing unlawfully the Smiths from proceeding with discovery.

Courts "enjoy broad discretion in deciding how best to manage the cases before them."  Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).  An abuse of discretion must be redressed, however, "[w]hen a litigant's rights are materially prejudiced by the district court's mismanagement of a case." Id. at 1367.

Even if we assume (without deciding) that the bankruptcy court erred by issuing no scheduling order, the Smiths have failed to show prejudice.  When a scheduling order would have been due under Rule 16, the bankruptcy court had pending before it a motion for judgment on the pleadings filed by Murphy.  In her motion, Murphy argued that the Smiths' adversary proceeding should be dismissed for lack of jurisdiction and for failure to state a claim.

9

We have cautioned lower courts to resolve facial challenges to the legal sufficiency of a claim -- like Murphy's motion for judgment on the pleadings in this case -- before permitting discovery. See id. at 1367-68. Allowing a case to proceed to discovery on a facially invalid claim "does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." Id. at 1368.

In the light of the pending challenges to the facial validity of the Smiths' claims in this adversary proceeding and of the Smiths' history of protracted litigation raising similar arguments, it would have been reasonable (and no abuse of discretion) for the bankruptcy court to delay discovery until after a ruling on Murphy's dispositive motion. We also note that never did the Smiths object to the bankruptcy court's failure to issue a scheduling order or otherwise move the bankruptcy court to permit discovery. On this record, we see no reversible error.

D. Constitutional Due Process

On appeal, the Smiths contend they were denied their Fifth Amendment due process rights when the bankruptcy court dismissed their adversary proceeding

10

without a hearing, refused to allow discovery, and issued no scheduling order.  For the reasons already discussed, we reject these conclusory arguments as without merit.

### E.  Rule 38 Motion for Attorney's Fees and Costs

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  Fed. R. App. P. 38.  A Rule 38 sanction is appropriate when an appellant raises "clearly frivolous claims in the face of established law and clear facts."  Parker v. Am. Traffic Sols., Inc., 835 F.3d 1363, 1371 (11th Cir. 2016).  A claim is frivolous if it is "utterly devoid of merit."  Id.  Generally speaking, we are reluctant to impose Rule 38 sanctions on pro se appellants; but we have found Rule 38 sanctions warranted in cases when a pro se appellant has been already warned that the suit is frivolous.  See, e.g., United States v. Morse, 532 F.3d 1130, 1132-33 (11th Cir. 2008); Ricket v. United States, 773 F.2d 1214, 1216 (11th Cir. 1985).

11

We find the record in this case supports a Rule 38 award of attorney's fees and costs.  In this appeal, the Smiths continue to assert arguments that have been already flatly rejected by the bankruptcy court, the district court, and by this Court.

One central argument underlying the Smiths' appeal is that the foreclosure proceedings on the Property were unlawful because (among other things) Countrywide was not the real party in interest with standing to seek relief from the automatic stay.  We dismissed -- "as frivolous and entirely without merit" -- an earlier appeal in which the Smiths presented this same argument.  See Smith v. Countrywide Home Loans, Inc. (In re Smith), No. 13-13808, 2013 U.S. App. LEXIS 26218 (11th Cir. Dec. 19, 2013) (unpublished).  In that appeal, we also granted the appellee's motion for damages under Rule 38 in part because the Smiths had already been warned that their arguments were frivolous.  See id.

We have also already concluded in an earlier appeal that the automatic stay expired on 1 June 2016 when the Smiths' Chapter 7 case was discharged.  See Smith v. HSBC Bank USA, N.A., 775 F. App'x 492, 495 (11th Cir. 2019) (unpublished).  Nevertheless, the Smiths persist in arguing that the automatic stay never terminated and that conduct taken by Murphy -- conduct unrelated to the Bankruptcy Code or the bankruptcy estate and that occurred after 1 June 2016 -- violated the automatic stay.

12

The Smiths have been put on sufficient notice that the arguments raised in this appeal are frivolous and utterly without merit. Because the Smiths continue to pursue these frivolous arguments, Rule 38 sanctions are justified in this case. We GRANT Murphy's motion for attorney's fees and double costs. We remand to the district court for a determination of the amount of reasonable attorney's fees and costs to be awarded.

AFFIRMED and REMANDED.